PER CURIAM.
 

 This matter is before the Court on the petition of The Florida Bar proposing amendments to the Rules Regulating the Florida Bar.
 
 See
 
 R. Regulating Fla. Bar 1-12.1. We have jurisdiction.
 
 See
 
 art. V, § 15, Fla. Const.
 

 The petition, which proposes amendments to existing rules, was approved by the Board of Governors. Formal notice of the proposed amendments was published in the September 1, 2010, issue of
 
 The Florida Bar News.
 
 In the notice, the Bar directed interested parties to file their comments directly with the Court. Thereafter, on October 15, 2010, the Bar filed the proposed amendments with the Court. No comments were filed with the Court.
 

 The Bar states that the proposals involve editorial changes, updates of cross references to other Florida Bar rules, codification of well-established practices, and other noncontroversial revisions. Thus, the Bar refers to the proposals as “housekeeping” measures. The Bar petitions to amend Rules Regulating the Florida Bar 3-7.1 (Confidentiality); 3-7.3 (Review of Inquiries, Complaint Processing, and Initial Investigatory Procedures); 3-7.4 (Grievance Committee Procedures); 3-7.5 (Procedures Before the Board of Governors); 3-7.6 (Procedures Before a Referee); 4-1.10 (Imputation of Conflicts of Interest; General Rule); 4-1.11 (Special Conflicts of Interest for Former and Current Government Officers and Employees); 5-1.1 (Trust Accounts); 10-6.2 (Sub
 
 *1038
 
 poenas); 10-6.3 (Recommendations and Disposition of Complaints); 10-7.1 (Proceedings for Injunctive Relief); 10-7.2 (Proceedings for Indirect Criminal Contempt); 10-8.1 (Confidentiality); 20-3.1 (Requirements for Registration); and 20-7.1 (Generally).
 
 [1]
 
 After considering the Bar’s petition, the Court adopts The Florida Bar’s proposals, except as follows.
 

 The Court modifies the proposals for rules 3-7.4(i) (Grievance Committee Procedures) and 3-7.6(h)(8) (Procedures Before a Referee). These proposals sought to present concise descriptions of methods to appoint a referee or a successor referee, and relied on the concepts of “venue” and “reside.” After reviewing the proposals, the Court has determined that these rules should use more expansive language because other factors could also merit consideration. Thus, the Court modifies the proposals for rules 3-7.4(l) and 3-7.6(h)(8) by using the comprehensive term “appropriate circuit.”
 

 Accordingly, the Court adopts the amendments to the Rules Regulating the Florida Bar as set forth in the appendix to this opinion. Deletions are indicated by struck-through type, and new language is indicated by underscoring. The comments are offered for explanation and guidance only and are not adopted as an official part of the rules. The amendments shall become effective on October 1, 2011, at 12:01 a.m.
 

 It is so ordered.
 

 CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 APPENDIX
 

 RULES REGULATING THE FLORIDA BAR
 

 RULE 3-7.1 CONFIDENTIALITY
 

 (a)-(c) [No change]
 

 (d) Limitations on Disclosure. Any material provided to The Florida Bar that is confidential under applicable law shall remain confidential and shall not be disclosed except as authorized by the applicable law. If this type of material is made a part of the public record, that portion of the public record may be sealed by the grievance committee chair, the referee, or the Supreme Court of Florida.
 

 The procedure for maintaining the required confidentiality shall be as set forth in subdivision (m) below.
 

 (e)-(I) [No change]
 

 (m) Maintaining Confidentiality Required by Rule or Law. The bar will maintain confidentiality of documents and records in its possession and control as required by applicable federal or state law in accordance with the requirements of Fla. R. Jud. Admin 2.420. It shall be the duty of respondents and other persons submitting documents and information to the bar to notify bar staff that such documents or information contain material that is exempt from disclosure under applicable rule or law and to request that such exempt material be protected and not be considered public record. Requests to exempt from disclosure all or part of any documents or records must be accompanied by reference to the statute or rule applicable to the information for which exemption is claimed.
 

 
 *1039
 
 RULE 3-7.3 REVIEW OF INQUIRIES, COMPLAINT PROCESSING, AND INITIAL INVESTIGATORY PROCEDURES
 

 (a) Screening of Inquiries. Prior to opening a disciplinary file, bar counsel shall review the inquiry made and determine whether the alleged conduct, if proven, would constitute a violation of the Rules Regulating The Florida Bar warranting the imposition of discipline. If bar counsel determines that the facts allege a fee dispute which, if proven, would probably not constitute a clear violation under 4-1.5 of the Rules Regulating-The-F-lorida Barthese rules, bar counsel may, with the consent of the complainant and respondent, refer the matter to the appropriate circuit arbitration-committee for arbitra-tionThe Florida Bar Grievance Mediation and Fee Arbitration Program under chapter 14. If bar counsel determines that the facts, if proven, would not constitute a violation of the Rules Regulating The Florida Bar warranting the imposition of discipline, bar counsel may decline to pursue the inquiry. A decision by bar counsel not to pursue an inquiry shall not preclude further action or review under the Rules Regulating The Florida Bar. The complainant and respondent shall be notified of a decision not to pursue an inquiry and shall be given the reasons therefor.
 

 (b)-(g) [No change]
 

 RULE 3-7.4 GRIEVANCE COMMITTEE PROCEDURES
 

 (a)-(k) [No change]
 

 (i) Preparation, Forwarding, and Review of Grievance Committee Complaints. If a grievance committee or the board of governors finds probable cause, the bar counsel assigned to the committee shall promptly prepare a record of its investigation and a formal complaint. The record before the committee shall consist of all reports, correspondence, papers, and/or recordings furnished to or received from the respondent, and the transcript of grievance committee meetings or hearings, if the proceedings were attended by a court reporter; provided, however, that the committee may retire into private session to debate the issues involved and to reach a decision as to the action to be taken. The formal complaint shall be approved by the member of the committee who presided in the proceeding. The formal complaint shall be in such form as shall be prescribed by the board. If the presiding member of the grievance committee disagrees with the form of the complaint, the presiding member may direct bar counsel to make changes accordingly. If bar counsel does not agree with the changes, the matter shall be referred to the designated reviewer of the committee for appropriate action. When a formal complaint by a grievance committee is not referred to the designated reviewer, or is not returned to the grievance committee for further action, the formal complaint shall be promptly forwarded to and reviewed by staff counsel who Staff counsel shall file the formal complaint? and furnish a copy of-the-formal complaint to the respondent. Staff counsel shall request the Chief Justice of the Supreme Court of Florida to assign a referee or to order the chief .judge of the appropriate circuit to assign a referee to try the cause. A copy of the record shall be made available to the respondent at the respondent’s expense.
 

 If, at any time before the filing of a formal complaint, bar counsel, staff counsel, and the designated reviewer all agree that appropriate reasons indicate that the formal complaint should not be filed, the case may be returned to the grievance committee for further action.
 

 (m)-(o) [No change]
 

 
 *1040
 
 (p) Preparation, Review, and Filing of Complaint, When a grievance committee formal complaint-is not referred to the disciplinary review committee^ or returned to-the grievance committee, staff counsel shall-sign the complaint and file the same in the Supreme Court of Florida, serve a copy-on the respondent, and-request the Supreme Court-of-Florida to-assign a referee-to try the-cause, — If probable cause is found by the board, bar-counsel will prepare the formal-complaint.
 

 RULE 3-7.5 PROCEDURES BEFORE THE BOARD OF GOVERNORS
 

 (a)-(f) [No change]
 

 (g) Filing Service on Board of Governors. All matters to be filed with or served upon the board shall be addressed to the board of governors and filed with the executive director. The executive director or his designees shall be the custodians of the official records of The Florida Bar.
 

 RULE 3-7.6 PROCEDURES BEFORE A REFEREE
 

 (a)-(d) [No change]
 

 (e) Style of Proceedings. All proceedings instituted by The Florida Bar shall be styled “The Florida Bar, Complainant, v. .(name of respondent)., Respondent,” and “In The Supreme Court of Florida (Before a Referee).”
 

 (f)-(g) [No change]
 

 (h)(1) — (7) [No change]
 

 (8)
 
 Disqualification of Referee.
 
 Upon motion of either party, aA referee may be disqualified from service in the same manner and to the same extent that a trial judge may be disqualified under existing law from acting in a judicial capacity. In the event of ^disqualification, the chief justicejudge of the appropriate circuit shall appoint a successor referee from that same circuit.
 

 (i)-(p) [No change]
 

 RULE 4-1.6 CONFIDENTIALITY OF INFORMATION
 

 (a)-(e) [No change]
 

 Comment
 

 The lawyer is part of a judicial system charged with upholding the law. One of the lawyer’s functions is to advise clients so that they avoid any violation of the law in the proper exercise of their rights.
 

 This rule governs the disclosure by a lawyer of information relating to the representation of a client during the lawyer’s representation of the client. See rule 4-1.18 for the lawyer’s duties with respect to information provided to the lawyer by a prospective client, rule 4-1.9(bc) for the lawyer’s duty not to reveal information relating to the lawyer’s prior representation of a former client, and rules 4-1.8(b) and 4-1.9(b) for the lawyer’s duties with respect to the use of such information to the disadvantage of clients and former clients.
 

 [No further changes]
 

 RULE 4-1.10 IMPUTATION OF CONFLICTS OF INTEREST; GENERAL RULE
 

 (a) [No change]
 

 (b) Former Clients of Newly Associated Lawyer. When a lawyer becomes associated with a firm, the firm may not knowingly represent a person in the same or a substantially related matter in which that lawyer, or a firm with which the lawyer was associated, had previously represented a client whose interests are materially adverse to that person and about whom the lawyer had acquired information protected by rules 4-1.6 and 4-1.9(b) and (c) that is material to the matter.
 

 
 *1041
 
 (c) Representing Interests Adverse to Clients of Formerly Associated Lawyer. When a lawyer has terminated an association with a firm, the firm is not prohibited from thereafter representing a person with interests materially adverse to those of a client represented by the formerly associated lawyer unless:
 

 (1) [No change]
 

 (2) any lawyer remaining in the firm has information protected by rules 4-1.6 and 4-1.9(b) and (c) that is material to the matter.
 

 (d)-(e) [No change]
 

 Comment
 

 Definition of “firm” [No change]
 

 Principles of imputed disqualification [No change]
 

 Lawyers moving between firms [No change]
 

 Confidentiality
 

 Preserving confidentiality is a question of access to information. Access to information, in turn, is essentially a question of fact in particular circumstances, aided by inferences, deductions, or working presumptions that reasonably may be made about the way in which lawyers work together. A lawyer may have general access to files of all clients of a law firm and may regularly participate in discussions of their affairs; it should be inferred that such a lawyer in fact is privy to all information about all the firm’s clients. In contrast, another lawyer may have access to the files of only a limited number of clients and participate in discussion of the affairs of no other clients; in the absence of information to the contrary, it should be inferred that such a lawyer in fact is privy to information about the clients actually served but not information about other clients.
 

 Application of subdivisions (b) and (c) depends on a situation’s particular facts. In any such inquiry, the burden of proof should rest upon the firm whose disqualification is sought.
 

 Subdivisions (b) and (c) operate to disqualify the firm only when the lawyer involved has actual knowledge of information protected by rules 4-1.6 and 4-1.9(b) and (c). Thus, if a lawyer while with 1 firm acquired no knowledge or information relating to a particular client of the firm and that lawyer later joined another firm, neither the lawyer individually nor the second firm is disqualified from representing another client in the same or a related matter even though the interests of the 2 clients conflict.
 

 Independent of the question of disqualification of a firm, a lawyer changing professional association has a continuing duty to preserve confidentiality of information about a client formerly represented. See rules 4-1.6 and 4-1.9.
 

 Adverse positions [No change]
 

 RULE 4-1.11 SPECIAL CONFLICTS OF INTEREST FOR FORMER AND CURRENT GOVERNMENT OFFICERS AND EMPLOYEES
 

 (a) Representation of Private Client by Former Public Officer or Employee. A lawyer who has formerly served as a public officer or employee of the government:
 

 (1) is subject to rule 4-1.9(b) and (c); and
 

 (2) [No change]
 

 (b)-(e) [No change]
 

 Comment [No change]
 

 
 *1042
 
 RULE 4-1.12 FORMER JUDGE OR ARBITRATOR, MEDIATOR OR OTHER THIRD-PARTY NEUTRAL
 

 (a)-(d) [No change]
 

 Comment
 

 This rule generally parallels rule 4-1.11. The term “personally and substantially” signifies that a judge who was a member of a multimember court, and thereafter left judicial office to practice law, is not prohibited from representing a client in a matter pending in the court, but in which the former judge did not participate. So also the fact that a former judge exercised administrative responsibility in a court does not prevent the former judge from acting as a lawyer in a matter where the judge had previously exercised remote or incidental administrative responsibility that did not affect the merits. Compare the comment to rule 4-1.11. The term “adjudicative officer” includes such officials as judges pro tempore, referees, special masters, hearing officers, and other parajudi-cial officers and also lawyers who serve as part-time judges. Compliance Canons A(2), B(2), and C of Florida’s Code of Judicial Conduct provide that a part-time judge, judge pro tempore, or retired judge recalled to active service may not “act as a lawyer in a proceeding in which [the lawyer] has served as a judge or in any other proceeding related thereto.” Although phrased differently from this rule, those rules correspond in meaning.
 

 Like former judges, lawyers who have served as arbitrators, mediators, or other third-party neutrals may be asked to represent a client in a matter in which the lawyer participated personally and substantially. This rule forbids such representation unless all of the parties to the proceedings give their informed consent, confirmed in writing. See terminology. Other law or codes of ethics governing third-party neutrals may impose more stringent standards of personal or imputed disqualification. See rule 4-2.4.
 

 Although lawyers who serve as third-party neutrals do not have information concerning the parties that is protected under rule 4-1.6, they typically owe the parties an obligation of confidentiality under law or codes of ethics governing third-party neutrals. Thus, subdivision (c) provides that conflicts of the personally disqualified lawyer will be imputed to other lawyers in a law firm unless the conditions of this subdivision are met.
 

 Requirements for screening procedures are stated in terminology. Subdivision (c)(1) does not prohibit the screened lawyer from receiving a salary or partnership share established by prior independent agreement, but that lawyer may not receive compensation directly related to the matter in which the lawyer is disqualified.
 

 Notice, including a description of the screened lawyer’s prior representation and of the screening procedures employed, generally should be given as soon as practicable after the need for screening becomes apparent.
 

 A Florida Bar member who is a certified or court-appointed mediator is governed by the applicable law and rules relating to certified and court-appointed mediators.
 

 RULE 4-1.17 SALE OF LAW PRACTICE
 

 A lawyer or a law firm may sell or purchase a law practice, or an area of practice, including good will, provided that:
 

 (a)-(f) [No change]
 

 Comment
 

 [No change]
 

 Sale of entire practice or entire area of practice [No change]
 

 
 *1043
 
 Client confidences, consent, and notice [No change]
 

 Fee arrangements between client and purchaser [No change]
 

 Other applicable ethical standards
 

 Lawyers participating in the sale of a law practice or a practice area are subject to the ethical standards applicable to involving another lawyer in the representation of a client for all matters pending at the time of the sale. These include, for example, the seller’s ethical obligation to exercise competence in identifying a purchaser qualified to assume the practice and the purchaser’s obligation to undertake the representation competently (see rule 4-1.1); the obligation to avoid disqualifying conflicts, and to secure the client’s informed consent for those conflicts that can be agreed to (see rule 4-1.7 regarding conflicts and see the terminology section of the preamble for the definition of informed consent); and the obligation to protect information relating to the representation (see rules 4-1.6, 4-1.8(b), and 4-1.9(b) and (c)). If the terms of the sale involve the division between purchaser and seller of fees from matters that arise subsequent to the sale, the fee-division provisions of rule 4-1.5 must be satisfied with respect to such fees. These provisions will not apply to the division of fees from matters pending at the time of sale.
 

 If approval of the substitution of the purchasing attorney for the selling attorney is required by the rules of any tribunal in which a matter is pending, such approval must be obtained before the matter can be included in the sale (see rule 4-1.16).
 

 Applicability of this rule [No change]
 

 RULE L-2.4 LAWYER SERVING AS THIRD-PARTY NEUTRAL
 

 (a)-(b) [No change]
 

 Comment
 

 Alternative dispute resolution has become a substantial part of the civil justice system. Aside from representing clients in dispute resolution processes, lawyers often serve as third-party neutrals. A third-party neutral is a person, such as a mediator, arbitrator, conciliator, or evaluator, who assists the parties, represented or unrepresented, in the resolution of a dispute or in the arrangement of a transaction. Whether a third-party neutral serves primarily as a facilitator, evaluator, or decisionmaker depends on the particular process that is either selected by the parties or mandated by a court.
 

 The role of a third-party neutral is not unique to lawyers, although, in some court-connected contexts, only lawyers are allowed to serve in this role or to handle certain types of cases. In performing this role, the lawyer may be subject to court rules or other law that apply either to third-party neutrals generally or to lawyers serving as third-party neutrals. Lawyer-neutrals may also be subject to various codes of ethics, such as the Code of Ethics for Arbitration in Commercial Disputes prepared by a joint committee of the American Bar Association and the American Arbitration Association, or the Model Standards of Conduct for Mediators jointly prepared by the American Bar Association, the American Arbitration Association and the Society of Professionals in Dispute Resolution. A Florida Bar member who is a certified or court-appointed mediator is governed by the applicable law and rules relating to certified or court-appointed mediators.
 

 Unlike nonlawyers who serve as third-party neutrals, lawyers serving in this role may experience unique problems as a result of differences between the role of a third-party neutral and a lawyer’s service
 
 *1044
 
 as a client representative. The potential for confusion is significant when the parties are unrepresented in the process. Thus, subdivision (b) requires a lawyer-neutral to inform unrepresented parties that the lawyer is not representing them. For some parties, particularly parties who frequently use dispute resolution processes, this information will be sufficient. For others, particularly those who are using the process for the first time, more information will be required. Where appropriate, the lawyer should inform unrepresented parties of the important differences between the lawyer’s role as third-party neutral and a lawyer’s role as a client representative, including the inapplicability of the attorney-client evidentiary privilege. The extent of disclosure required under this subdivision will depend on the particular parties involved and the subject matter of the proceeding, as well as the particular features of the dispute resolution process selected.
 

 A lawyer who serves as a third-party neutral subsequently may be asked to serve as a lawyer representing a client in the same matter. The conflicts of interest that arise for both the individual lawyer and the lawyer’s law firm are addressed in rule 4-1.12.
 

 RULE 5-1.1 TRUST ACCOUNTS
 

 (a)-(f) [No change]
 

 (g) Interest on Trust Accounts (IOTA) Program.
 

 (1)
 
 Definitions.
 
 As used herein, the term:
 

 (A)“nNominal or short term” describes funds of a client or third person that, pursuant to subdivision (3), below, the lawyer has determined cannot earn income for the client or third person in excess of the costs to secure the incomes
 

 (B) “Foundation” means The Florida Bar Foundation, Inc.f.
 

 (C) “IOTA account” means an interest or dividend-bearing trust account benefiting The Florida Bar Foundation established in an eligible institution for the deposit of nominal or short-term funds of clients or third persons}.
 

 (D)-(E) [No change]
 

 (2)-(7) [No change]
 

 (h)-(k) [No change]
 

 Comment
 

 A lawyer must hold property of others with the care required of a professional fiduciary. This chapter requires maintenance of a bank or savings and loan association account, clearly labeled as a trust account and in which only client or third party trust funds are held.
 

 Securities should be kept in a safe deposit box, except when some other form of safekeeping is warranted by special circumstances.
 

 All property that is the property of clients or third persons should be kept separate from the lawyer’s business and personal property and, if money, in 1 or more trust accounts, unless requested otherwise in writing by the client. Separate trust accounts may be warranted when administering estate money or acting in similar fiduciary capacities.
 

 A lawyer who holds funds for a client or third person and who determines that the funds are not nominal or short-term as defined elsewhere in this subchapter should hold the funds in a separate interest-bearing account with the interest accruing to the benefit of the client or third person unless directed otherwise in writing by the client or third person.
 

 Lawyers often receive funds from which the lawyer’s fee will be paid. The lawyer
 
 *1045
 
 is not required to remit to the client funds that the lawyer reasonably believes represent fees owed. However, a lawyer may not hold funds to coerce a client into accepting the lawyer’s contention. The disputed portion of the funds must be kept in a trust account and the lawyer should suggest means for prompt resolution of the dispute, such as arbitration. The undisputed portion of the funds shall be promptly distributed.
 

 Third parties, such as a client’s creditors, may have lawful claims against funds or other property in a lawyer’s custody. A lawyer may have a duty under applicable law to protect such third-party claims against wrongful interference by the client. When the lawyer has a duty under applicable law to protect the third-party claim and the third-party claim is not frivolous under applicable law, the lawyer must refuse to surrender the property to the client until the claims are resolved. However, a lawyer should not unilaterally assume to arbitrate a dispute between the client and the third party, and, where appropriate, the lawyer should consider the possibility of depositing the property or funds in dispute into the registry of the applicable court so that the matter may be adjudicated.
 

 The Supreme Court of Florida has held that lawyer trust accounts may be the proper target of garnishment actions. See
 
 Arnold, Matheny and Eagan, P.A. v. First American Holdings, Inc.,
 
 982 So.2d 628 (Fla.2008).
 

 [No further changes]
 

 RULE 10-6.2 SUBPOENAS
 

 (a) Issuance by Court. Upon receiving a written application of the chair of the standing committee or of a circuit committee or bar counsel alleging facts indicating that a person or entity is or may be practicing law without a license and that the issuance of a subpoena is necessary for the investigation of such unlicensed practice, the clerk of the circuit court in which the committee is located or the clerk of the Supreme Court of Florida shall issue subpoenas in the name, respectively, of the chief judge of the circuit or the chief justice for the attendance of any person or production of books and records or both before counsel or the investigating circuit committee or any member thereof at the time and place designated in such application. Such subpoenas shall-be-returnable to-the circuit court of the-residence or place of business -of-the' person subpoe
 
 naed-;
 
 — A like subpoena shall issue upon application by any person or entity under investigation.
 

 (b) Failure to Comply. Failure to comply with any subpoena shall constitute a contempt of court and may be punished by the Supreme Court of Florida or by the circuit court of the circuit torn which the subpoena is returnablewas issued or where the contemnor may be found.; — The circuit court-to which the subpoena is returnable shall-have power to enter by such orders as may be necessary for the enforcement of the subpoena.
 

 RULE 10-6.3 RECOMMENDATIONS AND DISPOSITION OF COMPLAINTS
 

 (a) Circuit Committee Action. Upon concluding its investigation, the circuit committee shall forward-a-report to bar counsel regarding the disposition of those cases closed, those cases where a cease and desist affidavit has been accepted, those cases where a cease and desist affidavit with monetary penalty has been recommended, and those cases where litigation is recommended. A majority of those present is required for all circuit committee recommendations; however, the vote may be taken by mail or telephone rather than at a formal meeting. All recommen
 
 *1046
 
 dations for a cease and desist affidavit with monetary penalty shall be reviewed by the standing committee for final approval. All recommendations for litigation under these rules shall be reviewed by the standing committee and a designated reviewer for final approval prior to initiating litigation.
 

 (b)-(c) [No change]
 

 RULE 10-7.1 PROCEEDINGS FOR IN-JUNCTIVE RELIEF
 

 (a)-(e) [No change]
 

 (f) Review by the Supreme Court of Florida.
 

 (1) Objections to the report of the referee shall be filed with the court by any party aggrieved, within 30 days after the filing of the report, or in the case where a party seeks review of a referee’s denial to supplement or remove an item from the record, within 30 days after the court issues its ruling on that matter. Denial of a motion to supplement the record or to remove an item from the record may be reviewed in the same manner as provided for in the rule on appellate review under these rules.
 

 If the objector desires, a brief or memorandum of law in support of the objections may be filed at the time the objections are filed. Any other party may file a responsive brief or memorandum of law within 20 days of service of the objector’s brief or memorandum of law. The objector may file a reply brief or memorandum of law within 4020 days of service of the opposing party’s responsive brief or memorandum of law. Oral argument will be allowed at the court’s discretion and will be governed by the provisions of the Florida Rules of Appellate Procedure.
 

 (2) [No change]
 

 (g) [No change]
 

 RULE 10-7.2 PROCEEDINGS FOR INDIRECT CRIMINAL CONTEMPT
 

 (a) [No change]
 

 (b) Indigency of Respondent. Any respondent who is determined to be indigent by the referee shall be entitled to the appointment of counsel.
 

 (1) [No change]
 

 (2)
 
 Determination.
 
 After reviewing the affidavit and questioning the respondent, the referee shall make one of the following determinations: the respondent is indigent* or the respondent is not indigent.
 

 In making this determination, the referee shall consider the applicable statutory criteria used by the clerk of court when determining indigent status and the applicable statutory factors considered by a court when reviewing that determination.
 

 (c)-(d) [No change]
 

 (e) Review by the Supreme Court of Florida. The judgment and recommended sentence, upon a finding of “guilty,” together with the entire record of proceedings shall then be forwarded to this court for approval, modification, or rejection based upon the law. The respondent may file objections, together with a supporting brief or memorandum of law, to the referee’s judgment and recommended sentence within 30 days of the date of filing with the court of the referee’s judgment, recommended sentence, and record of proceedings, or in the case where a party seeks review of a referee’s denial to supplement or remove an item from the record, within 30 days after the court issues its ruling on that matter. Denial of a motion to supplement the record or to remove an item from the record may be reviewed in the same manner as provided for in the rule on appellate review under these rules.
 

 
 *1047
 
 The Florida Bar may file a responsive brief or memorandum of law within 20 days after service of respondent’s brief or memorandum of law. The respondent may file a reply brief or memorandum of law within 1020 days after service of The Florida Bar’s responsive brief or memorandum of law.
 

 (f)-(g) [No change]
 

 RULE 10-8.1 FILES
 

 (a)-(d) [No change]
 

 (e) Response to Inquiry. Representatives of The Florida Bar, authorized by the board of governors, shall reply to inquiries regarding a pending or closed unlicensed practice of law investigation as follows:
 

 (1) — (8) [No change]
 

 (4)
 
 Final Action by Circuit Committee, Standing Committee, Designated Reviewer, and Bar Counsel.
 
 The final action on investigations opened on or after November 1, 1992, shall be public information. The UPL record in cases opened on or after November 1, 1992, that are closed by the circuit committee, the standing committee, or bar counsel as provided elsewhere in these rules, cases where a cease and desist affidavit has been accepted, and cases where a litigation recommendation has been approved by a designated reviewer as provided elsewhere in these rules, shall be public information and may be provided upon specific inquiry except that information that remains confidential under rule 10-8.1(c). The Florida Bar may charge a reasonable fee for identification of and photocopying the documents.
 

 (f)-(i) [No change]
 

 RULE 20-3.1 REQUIREMENTS FOR REGISTRATION
 

 In order to be a Florida Registered Paralegal under this chapter, an individual must meet 1 of the following requirements.
 

 (a) Educational and Work Experience Requirements. A person may become a Florida Registered Paralegal by meeting 1 of the following education and paralegal work experience requirements:
 

 (1) [No change]
 

 (2) a bachelor’s degree or higher degree other than a juris doctorate from an institution accredited by a nationally recognized accrediting agency approved by the United States Department of Education or the Florida Department of Education, plus a minimum of 3 years of paralegal work experience;
 

 (3)-(5) [No change]
 

 (b)-(c) [No change]
 

 RULE 20-7.1 GENERALLY
 

 A Florida Registered Paralegal shall adhere to the following Code of Ethics and Responsibility:
 

 (a) Disclosure. A Florida Registered Paralegal shall disclose his or her status as a Florida Registered Paralegal at the outset of any professional relationship with a client, attorneyslawyers, a court or administrative agency or personnel thereof, and members of the general public. Use of the initials FRP meets the disclosure requirement only if the title paralegal also appears. For example, J. Doe, FRP, Paralegal. Use of the word “paralegal” alone also complies.
 

 (b)-(h) [No change]
 

 [1]
 

 . In addition, the Bar is proposing amending the comments to rules 4-1.6 (Confidentiality of Information); 4 — 1.12 (Former Judge or Arbitrator, Mediator or Other Third-Party Neutral); 4-1.17 (Sale of Law Practice); and 4-2.4 (Lawyer Serving as Third-Party Neutral).