PER CURIAM.
This matter is before the Court on the petition of The Florida Bar proposing amendments to the Rules Regulating the Florida Bar (Bar Rules).[1] See R. Regulating Fla. Bar 1-12.1. We have jurisdiction. See art. V, § 15, Fla. Const.
The Bar’s petition proposes both new Bar rules and amendments to existing rules. The proposals were approved by the Board of Governors, and formal notice of the proposed amendments was published in The Florida Bar News. The notice directed interested parties to file their comments directly with the Court. The Court received two comments.
The Bar proposes amendments to the following Rules Regulating the Florida Bar: 1-3.3 (Official Bar Name and Address); 1-3.5 (Retirement); 1-3.6 (Delinquent Members); 1-3.7 (Reinstatement to Membership); 1-3.10 (Appearance by Non-Florida Lawyer in a Florida Court); 1-8.4 (Clients’ Security Fund); 1-12.1 (Amendment to Rules; Authority; Notice; Procedures; Comments); 3-5.1 (Generally); 3-5.2 (Emergency Suspension and Interim Probation); 3-6.1 (Generally); 3-7.7 (Procedures Before Supreme Court of Florida); 3-7.9 (Consent Judgment); 3-7.10 (Reinstatement and Readmission Procedures); 3-7.13 (Incapacity Not Related to Misconduct); 4-1.5 (Fees and Costs for Legal Services); 4-5.5 (Unlicensed Practice of Law; Multijurisdictional Practice of Law); 4-8.3 (Reporting Professional Misconduct); 5-1.2 (Trust Accounting Records and Procedures); 6-3.2 (Certification Committees); 6-3.6 (Recertification); 6-3.11 (Fees); 10-2.1 (Generally); 14-1.2 (Jurisdiction); 14-6.1 (Binding Nature; Enforcement; and Effect of Failure to Pay Award); 20-2.1 (Generally); 20-4.1 (Generally); and 20-5.1 (Generally). It also proposes four new rules: 1-3.12 (Provision of Legal Services Following Determination of Major Disaster); 3-7.12 (Disciplinary Revocation from The Florida Bar); 6-3.8 (Board Certified Judicial Fellow);[2] 10-2.2 (Form Completion by a Nonlawyer). Af *808 ter considering the Bar’s petition, the comments on the proposals, and the issues discussed at oral argument, we adopt the Bar’s amendments as proposed with the following exceptions.
First, the Bar proposes amendments to rule 1-3.5 (Retirement) to specifically authorize permanent retirement from the Bar. It also recommends related amendments to rule 1-3.7 (Reinstatement to Membership), which would provide that members who have permanently retired are not eligible to seek reinstatement under the rule, but may seek readmission through application to the Florida Board of Bar Examiners. While we adopt these amendments to the extent they allow members to seek permanent retirement, we have modified the Bar’s proposal to make clear that any member granted permanent retirement is thereafter ineligible to seek reinstatement or readmission to the Bar.
Next, the Bar proposes new rule 1-3.12 (Provision of Legal Services Following Determination of Major Disaster). This rule would allow lawyers from other jurisdictions to practice in Florida on a limited basis following a natural disaster. Because we have concerns about how this rule would apply, we decline to adopt it. We also do not adopt proposed amendments to rule 4-5.5 (Unlicensed Practice of Law; Multijurisdictional Practice of Law), which would provide that lawyers authorized to practice law in another United States jurisdiction may provide legal services in Florida in accordance with rule 1-3.12. However, we adopt technical revisions to rule 4-5.5 as proposed.
Additionally, we have modified the Bar’s proposed amendments to rule 1-12.1 (Amendment to Rules; Authority; Notice; Procedures; Comments) to reflect that notices of proposed Board action, notices of the Bar’s intent to file a petition to amend Bar rules, and notices of final action of the Supreme Court shall be published in an edition of The Florida Bar News and on the Bar’s website.
With respect to rule 4-1.5 (Fees and Costs for Legal Services), the Bar proposes new subdivision (f)(4)(E) and related commentary addressing subrogation and lien resolution services in contingent fee cases. This subdivision would provide that a lawyer in a personal injury or wrongful death case charging a contingent fee must include in the fee contract information about the scope of the lawyer’s representation relating to subrogation and lien resolution services; the rule would also provide that some medical lien and subrogation claims may be referred to another attorney for resolution with the client’s informed consent. The Court received one comment addressed to this proposal. After considering the concerns raised in the comment and the discussion at oral argument, we decline to adopt new subdivision (f)(4)(E). Indeed, we take this opportunity to clarify that lawyers representing a client in a personal injury, wrongful death, or other such case charging a contingent fee should, as part of the representation, also represent the client in resolving medical liens and subrogation claims related to the underlying case. Other technical corrections to rule 4-1.5 are adopted as proposed.
The Bar proposes a number of changes to rule 5-1.2 (Trust Accounting Records and Procedures). The most controversial of its proposals is new subdivision (d) (Signing Trust Account Checks), which would require that a lawyer sign every trust account check with his or her actual signature, and would prohibit lawyers from using a signature stamp or signing a trust account check in blank. Both the Bar and the Court received comments addressed to this proposal. In general, the comments *809 assert that the proposed rule imposes a significant and disproportionate burden on lawyers who practice solo or in very small firms. We believe the commentors have raised some legitimate concerns. Accordingly, we decline to adopt subdivision (d) at this time, and instead refer the matter back to the Bar for additional study. In particular, the Bar should revise its proposal so as to accommodate the issues raised by solo practitioners and lawyers in small firms. The other amendments to rule 5-1.2 are adopted as proposed. The Bar’s proposed new subdivision (e) (Electronic Wire Transfer) will be labeled subdivision (d); the subsequent subdivisions in the rule are relettered accordingly.
We decline to adopt proposed new rule 6-B.8 (Board Certified Judicial Fellow) which would create a new designation— “Board Certified Judicial Fellow” — for board certified lawyers appointed or elected to serve in a judicial office. We also do not adopt the related amendments to rule 6-3.11 (Fees), which would have created a “Judicial Fellow Annual Fee” applicable to Board Certified Judicial Fellows.
Finally, the Bar proposes new rule 10-2.2 (Rules Governing the Investigation and Prosecution of the Unlicensed Practice of Law; Form Completion by a Nonlawyer) to clarify and define the unlicensed practice of law when a nonlawyer is engaged in assisting self-represented litigants to complete legal forms. Although we adopt this rule, we have modified the Bar’s proposal to eliminate language that would allow a nonlawyer to sell legal forms and kits.
Accordingly, the Court adopts the amendments to the Rules Regulating the Florida Bar as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The comments are offered for explanation and guidance only and are not adopted as an official part of the rules. The amendments shall become effective on July 1, 2012, at 12:01 a.m.
It is so ordered.
LEWIS, POLSTON, LABARGA, and PERRY, JJ., concur.
CANADY, C.J., concurs in part and dissents in part with an opinion.
PARIENTE, J., concurs in part and dissents in part with an opinion.
QUINCE, J., concurs in part and dissents in part with an opinion, in which PARIENTE, J., concurs.

. The Bar’s petition is part of its Biannual Report proposing amendments to the Rules Regulating the Florida Bar. We have already addressed the Bar's petition proposing various "housekeeping” amendments to the Bar Rules. See In re Amendments to Rules Regulating the Fla. Bar (Biannual Report Housekeeping), 67 So.3d 1037 (Fla.2011).

. Because the Bar proposed new rule 6-3.8, it also proposed renumbering existing rule 6-3.8 (Revocation of Certification), as well as rules 6-3.9 (Manner of Certification); 6-3.10 (Right of Appeal); 6-3.11 (Fees); 6-3.12 (Confidentiality); and 6-3.13 (Amendments). However, as discussed herein, we decline to adopt new rule 6-3.8. Thus, we also do not adopt the renumbering.