PER CURIAM.
The Florida Bar’s Family Law Rules Committee (Committee) has filed an out-of-cycle report proposing amendments to seven Florida Family Law Rules of Procedure Forms.[1] The Board of Governors of The Florida Bar unanimously approved the proposals.
Upon consideration, we amend the following Rules of Procedure Forms, as proposed by the Committee: 12.900(a) (Disclosure from Nonlawyer); 12.901(a) (Petition for Simplified Dissolution of Marriage); 12.902(f)(3) (Marital Settlement Agreement for Simplified Dissolution of Marriage); 12.913(b) (Affidavit of Diligent Search and Inquiry); 12.913(c) *315 (Affidavit of Diligent Search); 12.930(d) (Notice of Service of Answers to Standard Family Law Interrogatories); and 12.984 (Response by Parenting Coordinator). The amendments implement recent rule amendments impacting nonlawyers who assist self-represented parties in completing family law forms, as adopted by the Court in In re Amendments to the Rules Regulating the Florida Bar (Biannual Report), 101 So.3d 807 (Fla.2012). In that case, the Court adopted new Rule Regulating the Florida Bar 10-2.2 (Form Completion by a Nonlaw-yer), which provides: “It shall not constitute the unlicensed practice of law for a nonlawyer to engage in limited oral communication to assist a self-represented person in the completion of blanks on a Supreme Court Approved Form.” R. Regulating Fla. Bar 10-2.2(a). Subdivision (c) of the new rule requires that the nonlawyer provide his or her name, business name, address, and telephone number on every form he or she assists in completing. The seven forms are amended to include this information. The signature block on the forms is also amended to include a line for an e-mail address. See In re Amends, to Fla. Rules of Jud. Admin., Fla. Rules of Civ. Pro., Fla. Rules of Crim. Pro., Fla. Probate Rules, Fla. Rules of Traffic Court, Fla. Small Claims Rules, Fla. Rules of Juv. Pro., Fla. Rules of App. Pro., and Fla. Family Law Rules of Pro.- — E-Mail Service Rule, 102 So.3d 505 (2012) (adopting new Florida Rule of Judicial Administration 2.516 (Service of Pleadings and Documents), which authorizes, but does not require, self-represented parties to designate an e-mail address for receiving service).
Accordingly, forms 12.900(a), 12.901(a), 12.902(f)(3), 12.913(b), 12.913(c), 12.930(d), and 12.984 are amended as reflected in the appendix to this opinion. The forms are fully engrossed and ready for use. The amendments to the forms shall become effective immediately upon release of this opinion. Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[2]
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.900(a), DISCLOSURE FROM NONLAWYER (11/12)
When should this form be used?
This form must be used when anyone who is not a lawyer in good standing with The Florida Bar helps you complete any Florida Family Law Form. Attorneys who are *316 licensed to practice in other states but not Florida, or who have been disbarred or suspended from the practice of law in Florida, are nonlawyers for the purposes of the Florida Family Law Forms and instructions.
The nonlawyer must complete this form and both of you are to sign it before the nonlawyer assists you in completing any Family Law Form.
In addition, on any other form with which a nonlawyer helps you, the nonlawyer shall complete the nonlawyer section located at the bottom of the form unless otherwise specified in the instructions to the form. This is to protect you and be sure that you are informed in advance of the nonlawyer’s limitations.
What should I do next?
A copy of this disclosure, signed by both the nonlawyer and the person, must be given to the person to retain and the non-lawyer must keep a copy in the person’s file. The nonlawyer shall also keep copies for at least 6 years of all forms given to the person being assisted.
Special Notes
This disclosure form does NOT act as or constitute a waiver, disclaimer, or limitation of liability.
*317 [[Image here]]
*318 INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.901(a), PETITION FOR SIMPLIFIED DISSOLUTION OF MARRIAGE (11/12)
When should this form be used?
This form should be used when a husband and wife are filing for a simplified dissolution of marriage. You and/or your spouse must have lived in Florida for at least 6 months before filing for a dissolution in Florida. You may file a simplified dissolution of marriage in Florida if all of the following are true:
• You and your spouse agree that the marriage cannot be saved.
• You and your spouse have no minor or dependent child(ren) together, the wife does not have any minor or dependent children born during the marriage, and the wife is not now pregnant.
• You and your spouse have worked out how the two of you will divide the things that you both own (your assets) and who will pay what part of the money you both owe (your liabilities), and you are both satisfied with this division.
• You are not seeking support (alimony) from your spouse, and vice versa.
• You and your spouse have filed financial affidavits with the court or you have waived the filing of financial affidavits and you are satisfied with the financial disclosure received from the other spouse.
• You are willing to give up your right to trial and appeal.
• You and your spouse are both willing to go into the clerk’s office to sign the petition (not necessarily together).
• You and your spouse are both willing to go to the final hearing (at the same time).
If you do not meet the criteria above, you must file a regular petition for dissolution of marriage.
This petition should be typed or printed in black ink. Each of you must sign the petition in the presence of a deputy clerk (in the clerk’s office), although you do not have to go into the clerk’s office at the same time. You will need to provide picture identification (valid driver’s license or official identification card) for the clerk to witness your signatures.
What should I do next?
1. After completing this form, you should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.
If you did not waive the filing of a financial affidavit in the petition, each of you must file a Financial Affidavit. Florida Family Law Rules of Procedure Form 12.902(b) or (c). You may document your agreement by signing a Marital Settlement Agreement, Florida Family Law Rules of Procedure Form 12.902(f)(3) and filing it with the clerk of the circuit court or you may agree that all of your assets (what you own) and liabilities (what you owe) have been disposed of by oral agreement.
2. You must prove to the court that the husband and/or wife has (have) lived in Florida for more than 6 months before filing the petition for dissolution of marriage. Residence can be proved by:
• a valid Florida driver’s license, Florida identification card, or voter registration card issued to one of you at least 6 months prior to filing for dissolution of marriage; or
• the testimony of another person who knows that either you or your *319 spouse has resided in Florida for more than 6 months and is available to testify in court; or
• an affidavit. To prove residence by affidavit, use an Affidavit of Corroborating Witness, Florida Supreme Court Approved Family Law Form 12.902(i). This form must be signed by a person who knows that either you or your spouse has lived in Florida for more than 6 months before the date that you filed the petition for dissolution of marriage. This affidavit may be signed in the presence of the clerk of the court or in the presence of a notary public, who must affix his or her seal at the proper place on the affidavit.
3. You must pay the appropriate filing fees to the clerk of the circuit court. If you and your spouse cannot afford to pay the filing fees, you may fill out an Application for Determination of Civil Indigent Status, and file it with your petition for dissolution of marriage. You may obtain this form from the clerk and he or she will determine whether you are eligible to have filing fees waived.
4. Either you or the clerk of court will need to complete a Family Court Cover Sheet, Florida Family Law Rules of Procedure Form 12.928. The clerk’s office can provide this form.
5. You must obtain a date and time for a court appearance from the clerk of court. On that date, you and your spouse must appear together before a judge. You should complete a Final Judgment of Simplified Dissolution of Marriage, Florida Family Law Rules of Procedure Form 12.990(a), and bring it with you to the hearing. At that time, if all of the papers are in order, the judge may grant a final judgment dissolving your marriage under simplified dissolution of marriage procedures by signing the final judgment which you have provided.
6.If you fail to complete this procedure, the court may dismiss the case to clear its records.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and Rule 12.105, Florida Family Law Rules of Procedure.
Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*320 [[Image here]]
*321 [[Image here]]
*322 [[Image here]]
*323 INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.902(f)(3), MARITAL SETTLEMENT AGREEMENT FOR SIMPLIFIED DISSOLUTION OF MARRIAGE (11/12)
When should this form be used?
This form should be used when a Petition for Simplified Dissolution of Marriage, Florida Family Law Rules of Procedure Form 12.901(a), has been filed and the parties have reached an agreement on all of the issues at hand.
This form should be typed or printed in black ink. Both parties must sign the agreement and have their signatures witnessed by a notary public or deputy clerk. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. You should then refer to the instructions for your petition, answer, or answer and counterpetition concerning the procedures for setting a hearing or trial (final hearing).
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition which was filed in this case.
Special notes ...
This form does not act to transfer title to the property. Such transfer must be done by deed or supplemental final judgment.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*324 [[Image here]]
*325 [[Image here]]
*326 [[Image here]]
*327 Real estate: (Home) (Other) Business interests Automobiles Boats Other vehicles Retirement plans (Profit Sharing, Pension, IRA, 401(k)s, etc.) Furniture & furnishings in home Furniture & furnishings elsewhere Collectibles Jewelry Life insurance (cash surrender value) Sporting and entertainment (T.V., stereo, etc.) equipment Other assets
*328 [[Image here]]
*329 [[Image here]]
*330 SECTION II. SPOUSAL SUPPORT (ALIMONY) Each of us forever gives up any right to spousal support (alimony) that we may have. SECTION 111. OTHER I certify that I have been open and honest in entering into this settlement agreement. I am satisfied with this agreement and intend to be bound by it. Dated:_ _ Signature of Husband Printed Name:_ Address:_ City, State, Zip:_ Telephone Number:_ Fax Number:_ E-mail Address(es):__ STATE OF FLORIDA COUNTYOF Sworn to or affirmed and signed before me on_by NOTARY PUBLIC or DEPUTY CLERK [Print, type, or stamp commissioned name of notary or clerk.) _Personally known _Produced identification Type of identification produced |F A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks] This form was prepared for the Husband who is the {choose only one} ( ) Petitioner ( ) Respondent. This form was prepared with the assistance of: {name of individual}_t {name of business}_'_, {address}_, {city}_,{state}_, {telephone number}_.
*331 [[Image here]]
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.913(b), AFFIDAVIT OF DILIGENT SEARCH AND INQUIRY (11/12)
When should this form be used?
This form is to be used with Notice of Action for Dissolution of Marriage (No Child or Financial Support), Florida Supreme Court Approved Family Law Form 12.913(a)(1) and Notice of Action For Family Cases With Minor Child(ren), Form 12.913(a)(2), to obtain constructive service (also called service by publication). The other party is entitled to actual notice of the proceedings when possible. When it is necessary to use constructive notice, it must be given in a way that is likely to provide actual notice. You must disclose the last known address of the other party. A last known address cannot be unknown. This form includes a checklist of places you can look for information on the location of the other party. While you do not have to look in all of these places, the court must believe that you have made a very serious effort to get information about the other party’s location and that you have followed up on any information you received.
This form should be typed or printed in black ink. After completing this form, you *332 should sign the form before a notary public or deputy clerk. You should file the original and a Notice of Action for Dissolution of Marriage (No Child or Financial Support), Florida Supreme Court Approved Family Law Form 12.913(a)(1), or Notice of Action For Family Cases With Minor Child(ren), Form 12.913(a)(2), with the clerk of the circuit court in the county where your petition is filed. You should keep a copy for your records.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see rule 12.070, Florida Family Law Rules of Procedure and chapter 49, Florida Statutes.
Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*333 [[Image here]]
*334 [[Image here]]
*335 [[Image here]]
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.913(c), AFFIDAVIT OF DILIGENT SEARCH (11/12)
When should this form be used? This form is to be used with Notice of Action For Family Cases With Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.913(a)(2), to obtain constructive service (also called service by publication) on the legal father in any action or proceeding to determine paternity which may result in termination of the legal father’s parental rights.
The legal father is entitled to actual notice of the proceedings when possible. When it is necessary to use constructive notice, it must be given in a way that is likely to provide actual notice. You must disclose the last known address of the legal father. A last known address cannot be unknown. *336 This form includes a checklist of places you must look for information on the location of the legal father. You have to look in all of these places, and the court must believe that you have made a very serious effort to get information about the person’s location and that you have followed up on any information you received.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original and a Notice of Action For Family Cases With Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.913(a)(2), with the clerk of the circuit court in the county where your petition for dissolution of marriage is filed. You should keep a copy for your records.
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. For further information, see rule 12.070, Florida Family Law Rules of Procedure, chapter 49, Florida Statutes, and section 409.257, Florida Statutes.
Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*337 [[Image here]]
*338 [[Image here]]
*339 [[Image here]]
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.930(d), NOTICE OF SERVICE OF ANSWERS TO STANDARD FAMILY LAW INTERROGATORIES (11/12)
When should this form be used?
You should use this form to tell the court that you have responded to the other party’s request to answer certain standard questions (interrogatories) in writing.
This form should be typed or printed in black ink. You must indicate whether you are sending the answers to interrogatories for original and enforcement proceedings, Florida Family Law Rules of Procedure Form 12.930(b), or modification proceedings, Florida Family Law Rules of Procedure Form 12.930(c). You must also indicate whether you have additional questions that you were asked to answer. After completing this form you should file the original with the clerk of the circuit court in the county where your case was filed and keep a copy for your records.
What should I do next?
A copy of this form and the original completed answers to the interrogatories must be mailed or hand delivered to the other party in your case. However, file only this form with the clerk. DO NOT FILE THE ORIGINAL ANSWERS TO THE *340 INTERROGATORIES OR ANY ATTACHMENTS WITH THE CLERK UNLESS THEY ARE ADMITTED INTO EVIDENCE BY THE COURT AND ARE IN COMPLIANCE WITH FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.425.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information see Florida Family Law Rules of Procedure Rules 12.280, 12.285, 12.340, and 12.380, and Florida Rules of Civil Procedure Rules 1.280,1.340, and 1.380.
Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*341 [[Image here]]
[[Image here]]
*342 INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.984, RESPONSE BY PARENTING COORDINATOR (11/12)
When should this form be used?
A person appointed as a parenting coordinator must accept or decline the appointment under Florida Family Law Rule of Procedure 12.742(d). If you accept the appointment, you must complete paragraphs 1(a) and 2 and sign it. If you decline the appointment, you must complete only paragraph 1(b) and sign the form. This form should be typed or printed in black ink.
Important Consideration Before Responding.
A Qualified Parenting Coordinator or other licensed mental health professional under Chapter 490 or 491, Florida Statutes, shall abide by the ethical and other professional standards imposed by his or her licensing authority, certification board, or both, as applicable.
A person who is not a Qualified Parenting Coordinator or a licensed mental health professional under Chapter 490 or 491, Florida Statutes, shall not accept an appointment to serve as parenting coordinator in a matter that presents an apparent or undisclosed conflict of interest. A conflict of interest arises when any relationship between the parenting coordinator and either party compromises or appears to compromise the parenting coordinator’s ability to serve. The burden of disclosure of any potential conflict of interest rests on the parenting coordinator. Disclosure shall be made as soon as practical after the parenting coordinator becomes aware of the potential conflict of interest. If a parenting coordinator makes an appropriate disclosure of a conflict of interest or a potential conflict of interest, he or she may serve if all parties agree. However, if a conflict of interest substantially impairs a parenting coordinator’s ability to serve, the parenting coordinator shall decline the appointment or withdraw regardless of the express agreement of the parties.
A parenting coordinator shall not provide any services to either party that would impair the parenting coordinator’s ability to be neutral.
What should I do next?
After completing and signing this form, you must file the original with the clerk of the circuit court in the county in which the action is pending and keep a copy for your records.
You must mail or hand-deliver a copy of this form to the attorney(s) for the parents or, if not represented by an attorney, to the parents.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For more information, see section 61.125, Florida Statutes, Florida Family Law Rule of Procedure 12.742, and the Order of Referral to Parenting Coordinator, Florida Family Law Rules of Procedure Form 12.998.
Special notes
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number
*343 [[Image here]]
*344 [[Image here]]

. We have jurisdiction. See art. V, § 2(a), Fla. Const.

. An original and nine paper copies of all comments must be filed with the Court on or before January 14, 2013, with a certificate of service verifying that a copy has been served on the Committee Chair, Matthew Burns Cap-straw, 165 W. Jessup Avenue, Longwood, Florida, 32750, (E-mail: mcapstraw® helpisontheway.ee), and on The Florida Bar Staff Liaison to the Committee, Ellen Sloyer, 651 East Jefferson Street, Tallahassee, Florida, 32399-2300 (E-mail: esloyer@flabar.org), as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until February 4, 2013 to file a response to any comments filed with the Court. Electronic copies of all comments also must be filed in accordance with the Court’s administrative order In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).