# Supreme Court of Florida

_____

No. SC16-104

_____

**IN RE: AMENDMENTS TO RULE REGULATING THE FLORIDA BAR 4-1.5—FEES AND COSTS FOR LEGAL SERVICES.**

[October 6, 2016]

PER CURIAM.

This matter is before the Court on the petition of The Florida Bar (Bar) proposing that the Court amend the Rules Regulating the Florida Bar (Bar Rules). We have jurisdiction. See art. V, § 15, Fla. Const.

## BACKGROUND

Previously, in In re Amendments to the Rules Regulating the Florida Bar (Biannual Report), 101 So. 3d 807 (Fla. 2012), the Bar proposed an amendment to Bar Rule 4-1.5 (Fees and Costs for Legal Services) in order to address subrogation and lien resolution services in personal injury and wrongful death cases involving a contingent fee. The amendments proposed in that case would have provided: (1) that a lawyer handling a personal injury or wrongful death case charging a contingent fee must include in the fee contract information about the scope of the

lawyer's representation relating to subrogation and lien resolution services; (2) that the lawyer shall not charge any additional fee to the client for providing subrogation and lien resolution services if the total fee for the primary personal injury matter together with the lien resolution matter would exceed the contingent fee schedule; (3) that extraordinary services for subrogation and lien resolution may be "handled by others outside the primary lawyer's firm who will charge additional fees or costs" only with the client's informed consent; (4) that additional fees or costs charged by the lawyer providing the extraordinary subrogation and lien resolution services must comply with all provisions of the fee rule; and (5) that the lawyer providing the extraordinary subrogation and lien resolution services may not divide fees with the lawyer handling the primary personal injury or wrongful death claim. We declined to adopt this amendment. In so doing, we clarified "that lawyers representing a client in a personal injury, wrongful death, or other such case charging a contingent fee should, as part of the representation, also represent the client in resolving medical liens and subrogation claims related to the underlying case." Id. at 808.

Subsequently, in In re Amendments to Rule Regulating the Florida Bar 4-1.5—Fees and Costs for Legal Services, 175 So. 3d 276 (Fla. 2015) (Case No. SC14-2112), among other proposed amendments, the Bar again proposed amendments to rule 4-1.5 to address fees for subrogation and lien resolution.

However, after oral argument in the case, which was held on May 5, 2015, the Bar filed a motion for partial stay, seeking a stay of the Court's consideration of the proposal and an opportunity to submit an alternative proposal. That motion was granted.

The Bar has now filed a new petition with a revised proposal.[1] Pursuant to Rule Regulating the Florida Bar 1-12.1(g), the Bar gave formal notice of its intent to file this proposal. The notice directed interested parties to file their comments directly with the Court. Seven comments were filed. The Florida Bar Elder Law Section and the law firm of Staunton & Faglie, PL, filed comments in support; the remaining comments were in opposition. The Bar filed a response to the comments. Oral argument was heard on June 8, 2016. After considering the Bar's petition, the comments, and the issues discussed at oral argument, we decline to adopt the proposed amendments.

---

1. The alternative proposal was drafted to address concerns raised by the Court during oral argument in case number SC14-2112, including: (1) providing definitions of extraordinary versus ordinary lien resolution services; (2) requiring a disclosure at the outset of representation if the primary lawyer in the underlying personal injury matter will not provide extraordinary lien resolution services; (3) defining the fee that may be charged for extraordinary lien resolution services if a contingent fee is charged; and (4) requiring court approval of the extraordinary lien resolution fee if it, together with the personal injury fee, exceeded the contingent fee schedule set forth in rule 4-1.5.

## THE FLORIDA BAR'S PROPOSAL

The amendments proposed by the Bar in this case provide that the "primary lawyer" in a personal injury or wrongful death case charging a contingent fee: (1) must provide ordinary lien resolution as part of the lawyer's representation of the client under the fee contract; (2) must disclose to the client at the outset of representation whether the matter may involve extraordinary lien and subrogation services requiring additional fees; and (3) may not charge additional fees to the client for providing any lien and subrogation resolution services if those fees, combined with the lawyer's fee for handling the underlying personal injury matter, exceed the contingent fee schedule. The proposal further provides: (1) that an "extraordinary lien and subrogation lawyer" may charge a fee for extraordinary lien and subrogation services that, when combined with the fees for the underlying personal injury matter, exceeds the contingent fee schedule, but only if the services are in the client's best interests, the client consents in writing, and only with prior court approval; (2) fees charged by the extraordinary lien and subrogation lawyer must comply with all provisions of the fee rule; (3) the extraordinary lien and subrogation lawyer may not divide fees with the primary lawyer handling the personal injury or wrongful death claim; and (4) the court reviewing a fee agreement for extraordinary lien resolution services may adjust the fee of the primary lawyer. Finally, the proposal defines ordinary versus extraordinary lien

and subrogation services, and within a comment to rule 4-1.5, explains what lien resolution services are required as part of the original fee contract and what extraordinary services entail.

We commend the Bar for its diligent and conscientious efforts in presenting the proposed amendments addressing these matters to the Court. However, upon careful consideration, we decline to adopt the proposed amendments to rule 4-1.5 at this time. On balance, we wish to reemphasize that lawyers representing clients in personal injury, wrongful death, or other cases where there is a contingent fee should, as part of the representation, also represent those clients in resolving medical liens and subrogation claims related to the underlying case. This should be done at no additional charge to the client beyond the maximum contingency fee, even if the attorney outsources this work to another attorney or non-attorney. Although it may be true that, given the increased complexity of modern litigation, there will be some cases where the amount of work required to resolve a lien is more than initially anticipated, the notion of the percentage fee contract contemplates that there will be some cases that are profitable for the lawyer handling the claim and others that are unprofitable. That risk and reward is built into the contingency fee contract. If the circumstances of a particular case are such that the fee generated under the contingency fee agreement is expected to be insufficient for the work of resolving any outstanding lien, the attorney and client

can seek leave of court pursuant to rule 4-1.5(f)(4)(B)(ii) of the Rules Regulating the Florida Bar to obtain an increased fee appropriate for the circumstances of the specific case.

## CONCLUSION

Based on the considerations discussed above, we hereby decline to adopt the proposed amendments to Rule Regulating the Florida Bar 4-1.5 (Fees and Costs for Legal Services).

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, and PERRY, JJ., concur.
CANADY, J., dissents.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceeding – Rules Regulating the Florida Bar

John F. Harkness, Jr., Executive Director, William J. Schifino, Jr., President, Ramón A. Abadin, Past-President, Michael Jerome Higer, President-elect Designate, Jay Cohen, Chair, Special Committee on Lien Resolution, Lori S. Holcomb, DEUP Division Director, and Elizabeth Clark Tarbert, Ethics Counsel, The Florida Bar, Tallahassee, Florida,

     for Petitioner

Joseph H. Saunders of Saunders & Walker, P.A., Pinellas Park, Florida; Theodore Babbitt of the Law Offices of Babbitt & Johnson, West Palm Beach, Florida; John William Staunton of Staunton & Faglie, PL, Clearwater, Florida; Floyd Benjamin Faglie of Staunton & Faglie, PL, Monticello, Florida; Major Best Harding and Elizabeth D. Barron of Ausley McMullen, P.A., Tallahassee, Florida; David Anthony Hook, Chair, Elder Law Section of The Florida Bar, The Hook Law Group, New Port Richey, Florida; Cary Leigh Moss, President, Academy of

Florida Elder Law Attorneys, Sawyer & Sawyer, Orlando, Florida; Daniel Joseph Alvarez, Synergy Lien Resolution Services, Tampa, Florida; Sylvius H. von Saucken, The Garretson Resolution Group, Inc., Charlotte, North Carolina,

Responding with Comments