# Supreme Court of Florida

_____

No. SC14-2112
_____

**IN RE:  AMENDMENTS TO RULE REGULATING
THE FLORIDA BAR 4-1.5—FEES AND COSTS FOR LEGAL SERVICES.**

[September 17, 2015]

PER CURIAM.

This matter is before the Court on the petition of The Florida Bar proposing that the Court amend the Rules Regulating The Florida Bar.  We have jurisdiction. See art. V, § 15, Fla. Const.

As part of its biennial rule amendments, The Florida Bar proposed amendments to Rule Regulating The Florida Bar 4-1.5 (Fees and Costs for Legal Services).  Specifically, the Bar proposed an amendment to subdivision 4-1.5(e) to provide definitions for the terms "retainer," "flat fee," and "advance fee" and to provide guidance, in the comments to rule 4-1.5, as to whether such fees should be deposited into an attorney's operating account or trust account.  It also  proposed a new subdivision (E) to be added to rule 4-1.5(f)(4) to address fees for subrogation and lien resolution in personal injury or wrongful death cases where there is a

contingency fee agreement.  Pursuant to Bar Rule 1-12.1(g), the Bar published formal notice of its intent to file a petition recommending amendments to the Bar Rules in The Florida Bar News.  This notice was published on August 15, 2014, and allowed interested persons thirty days after the filing of the Bar's petition to provide comments to the Court.  Five comments were filed.  Oral argument was heard in this matter on May 5, 2015.

Upon consideration of the petition, the comments filed, and the presentations of those who participated in oral argument, we adopt the amendments to subdivision 4-1.5(e) as proposed by the Bar.  Rule Regulating The Florida Bar 4-1.5 (Fees and Costs for Legal Services) is hereby amended as set forth in the appendix to this opinion.  New language is indicated by underscoring; deletions are indicated by struck-through type.  The comments are offered for explanation and guidance only and are not adopted as an official part of the rules.  The amendments shall become effective on October 1, 2015, at 12:01 a.m.

As for the proposed new subdivision (E) to rule 4-1.5(f)(4), after oral argument, the Bar filed a motion for partial stay, seeking a stay of the Court's consideration of this proposal and an opportunity to submit an alternative proposal. The motion is hereby granted, and The Florida Bar is directed to file a new petition with its alternative proposal on or before January 15, 2016.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Rules Regulating The Florida Bar

John F. Harkness, Jr., Executive Director, Gregory William Coleman, President 2014-15, Ramón A. Abadin, President-elect 2014-15, Jay Cohen, Chair, Special Committee on Lien Resolution, Andrew Blaise Sasso, Board of Governors, Mary Ellen Bateman, DEUP Division Director, and Elizabeth Clark Tarbert, Ethics Counsel, The Florida Bar, Tallahassee, Florida,

for Petitioner

Dan Cytryn and Joshua G. Simon of the Law Offices Cytryn & Velazquez, P.A., Coral Springs, Florida; John William Staunton of Staunton & Faglie, PL, Clearwater, Florida; Floyd Benjamin Faglie of Staunton & Faglie, PL, Monticello, Florida; Carl B. Schwait, Gainesville, Florida; Charles Allen Morehead, III of Abramowitz, Pomerantz & Morehead PA, Sunrise, Florida; Jana McConnaughhay of Waldoch and McConnaughhay, P.A., Tallahassee, Florida; and Shannon McKenzie Miller of The Miller Elder Law Firm, Gainesville, Florida,

Responding with Comments

# APPENDIX

## RULE 4-1.5 FEES AND COSTS FOR LEGAL SERVICES

**(a) - (d) [no change]**

**(e)  Duty to Communicate Basis or Rate of Fee or Costs to Client <u>and Definitions</u>.**

(1)  *Duty to Communicate.*  When the lawyer has not regularly represented the client, the basis or rate of the fee and costs shall be communicated to the client, preferably in writing, before or within a reasonable time after commencing the representation.  A fee for legal services that is nonrefundable in any part shall be confirmed in writing and shall explain the intent of the parties as to the nature and amount of the nonrefundable fee.  The test of reasonableness found in subdivision (b), above, applies to all fees for legal services without regard to their characterization by the parties.

The fact that a contract may not be in accord with these rules is an issue between the attorney and client and a matter of professional ethics, but is not the proper basis for an action or defense by an opposing party when fee-shifting litigation is involved.

(2)  *Definitions.*

(A)      Retainer.  A retainer is a sum of money paid to a lawyer to guarantee the lawyer's future availability.  A retainer is not payment for past legal services and is not payment for future services.

(B)      Flat Fee.  A flat fee is a sum of money paid to a lawyer for all legal services to be provided in the representation.  A flat fee may be termed "non-refundable."

(C)      Advance Fee.  An advanced fee is a sum of money paid to the lawyer against which the lawyer will bill the client as legal services are provided.

**(f)  - (i) [no change]**

4

**STATEMENT OF CLIENT'S RIGHTS FOR CONTINGENCY FEES**

[no change]

**COMMENT**

**Bases or rate of fees and costs**

When the lawyer has regularly represented a client, they ordinarily will have evolved an understanding concerning the basis or rate of the fee. The conduct of the lawyer and client in prior relationships is relevant when analyzing the requirements of this rule. In a new client-lawyer relationship, however, an understanding as to the fee should be promptly established. It is not necessary to recite all the factors that underlie the basis of the fee but only those that are directly involved in its computation. It is sufficient, for example, to state the basic rate is an hourly charge or a fixed amount or an estimated amount, or to identify the factors that may be taken into account in finally fixing the fee. Although hourly billing or a fixed fee may be the most common bases for computing fees in an area of practice, these may not be the only bases for computing fees. A lawyer should, where appropriate, discuss alternative billing methods with the client. When developments occur during the representation that render an earlier estimate substantially inaccurate, a revised estimate should be provided to the client. A written statement concerning the fee reduces the possibility of misunderstanding. Furnishing the client with a simple memorandum or a copy of the lawyer's customary fee schedule is sufficient if the basis or rate of the fee is set forth.

General overhead should be accounted for in a lawyer's fee, whether the lawyer charges hourly, flat, or contingent fees. Filing fees, transcription, and the like should be charged to the client at the actual amount paid by the lawyer. A lawyer may agree with the client to charge a reasonable amount for in-house costs or services. In-house costs include items such as copying, faxing, long distance telephone, and computerized research. In-house services include paralegal services, investigative services, accounting services, and courier services. The lawyer should sufficiently communicate with the client regarding the costs charged to the client so that the client understands the amount of costs being charged or the method for calculation of those costs. Costs appearing in sufficient detail on closing statements and approved by the parties to the transaction should meet the requirements of this rule.

Rule 4-1.8(e) should be consulted regarding a lawyer's providing financial assistance to a client in connection with litigation.

5

Lawyers should also be mindful of any statutory, constitutional, or other requirements or restrictions on attorneys' fees.

In order to avoid misunderstandings concerning the nature of legal fees, written documentation is required when any aspect of the fee is nonrefundable. A written contract provides a method to resolve misunderstandings and to protect the lawyer in the event of continued misunderstanding. Rule 4-1.5 (e) does not require the client to sign a written document memorializing the terms of the fee. A letter from the lawyer to the client setting forth the basis or rate of the fee and the intent of the parties in regard to the nonrefundable nature of the fee is sufficient to meet the requirements of this rule.

All legal fees and contracts for legal fees are subject to the requirements of the Rules Regulating The Florida Bar. In particular, the test for reasonableness of legal fees found in rule 4-1.5(b) applies to all types of legal fees and contracts related to them.

**Terms of payment**

A lawyer may require advance payment of a fee but is obliged to return any unearned portion. See rule 4-1.16(d). A lawyer is not, however, required to return retainers that, pursuant to an agreement with a client, are not refundable. A nonrefundable retainer or nonrefundable flat fee is the property of the lawyer and should not be held in trust. If a client gives the lawyer a negotiable instrument that represents both an advance on costs plus either a nonrefundable retainer or a nonrefundable flat fee, the entire amount should be deposited into the lawyer's trust account, then the portion representing the earned nonrefundable retainer or nonrefundable flat fee should be withdrawn within a reasonable time. An advance fee must be held in trust until it is earned. Nonrefundable fees are, as all fees, subject to the prohibition against excessive fees.

A lawyer may accept property in payment for services, such as an ownership interest in an enterprise, providing this does not involve acquisition of a proprietary interest in the cause of action or subject matter of the litigation contrary to rule 4-1.8(i). However, a fee paid in property instead of money may be subject to special scrutiny because it involves questions concerning both the value of the services and the lawyer's special knowledge of the value of the property.

An agreement may not be made whose terms might induce the lawyer improperly to curtail services for the client or perform them in a way contrary to the client's interest. For example, a lawyer should not enter into an agreement

whereby services are to be provided only up to a stated amount when it is foreseeable that more extensive services probably will be required, unless the situation is adequately explained to the client. Otherwise, the client might have to bargain for further assistance in the midst of a proceeding or transaction. However, it is proper to define the extent of services in light of the client's ability to pay. A lawyer should not exploit a fee arrangement based primarily on hourly charges by using wasteful procedures. When there is doubt whether a contingent fee is consistent with the client's best interest, the lawyer should offer the client alternative bases for the fee and explain their implications. Applicable law may impose limitations on contingent fees, such as a ceiling on the percentage.

**Prohibited contingent fees**

Subdivision (f)(3)(A) prohibits a lawyer from charging a contingent fee in a domestic relations matter when payment is contingent upon the securing of a divorce or upon the amount of alimony or support or property settlement to be obtained. This provision does not preclude a contract for a contingent fee for legal representation in connection with the recovery of post-judgment balances due under support, alimony, or other financial orders because such contracts do not implicate the same policy concerns.

Contingent fees are prohibited in criminal and certain domestic relations matters. In domestic relations cases, fees that include a bonus provision or additional fee to be determined at a later time and based on results obtained have been held to be impermissible contingency fees and therefore subject to restitution and disciplinary sanction as elsewhere stated in these Rules Regulating The Florida Bar.

**Contingent fee regulation**

Subdivision (e) is intended to clarify that whether the lawyer's fee contract complies with these rules is a matter between the lawyer and client and an issue for professional disciplinary enforcement. The rules and subdivision (e) are not intended to be used as procedural weapons or defenses by others. Allowing opposing parties to assert noncompliance with these rules as a defense, including whether the fee is fixed or contingent, allows for potential inequity if the opposing party is allowed to escape responsibility for their actions solely through application of these rules.

Rule 4-1.5(f)(4) should not be construed to apply to actions or claims seeking property or other damages arising in the commercial litigation context.

Rule 4-1.5(f)(4)(B) is intended to apply only to contingent aspects of fee agreements. In the situation where a lawyer and client enter a contract for part noncontingent and part contingent attorney's fees, rule 4-1.5(f)(4)(B) should not be construed to apply to and prohibit or limit the noncontingent portion of the fee agreement. An attorney could properly charge and retain the noncontingent portion of the fee even if the matter was not successfully prosecuted or if the noncontingent portion of the fee exceeded the schedule set forth in rule 4-1.5(f)(4)(B). Rule 4-1.5(f)(4)(B) should, however, be construed to apply to any additional contingent portion of such a contract when considered together with earned noncontingent fees. Thus, under such a contract a lawyer may demand or collect only such additional contingent fees as would not cause the total fees to exceed the schedule set forth in rule 4-1.5(f)(4)(B).

The limitations in rule 4-1.5(f)(4)(B)(i)c. are only to be applied in the case where all the defendants admit liability at the time they file their initial answer and the trial is only on the issue of the amount or extent of the loss or the extent of injury suffered by the client. If the trial involves not only the issue of damages but also such questions as proximate cause, affirmative defenses, seat belt defense, or other similar matters, the limitations are not to be applied because of the contingent nature of the case being left for resolution by the trier of fact.

Rule 4-1.5(f)(4)(B)(ii) provides the limitations set forth in subdivision (f)(4)(B)(i) may be waived by the client upon approval by the appropriate judge. This waiver provision may not be used to authorize a lawyer to charge a client a fee that would exceed rule 4-1.5(a) or (b). It is contemplated that this waiver provision will not be necessary except where the client wants to retain a particular lawyer to represent the client or the case involves complex, difficult, or novel questions of law or fact that would justify a contingent fee greater than the schedule but not a contingent fee that would exceed rule 4-1.5(b).

Upon a petition by a client, the trial court reviewing the waiver request must grant that request if the trial court finds the client: (a) understands the right to have the limitations in rule 4-1.5(f)(4)(B) applied in the specific matter; and (b) understands and approves the terms of the proposed contract. The consideration by the trial court of the waiver petition is not to be used as an opportunity for the court to inquire into the merits or details of the particular action or claim that is the subject of the contract.

The proceedings before the trial court and the trial court's decision on a waiver request are to be confidential and not subject to discovery by any of the parties to the action or by any other individual or entity except The Florida Bar. However,

terms of the contract approved by the trial court may be subject to discovery if the contract (without court approval) was subject to discovery under applicable case law or rules of evidence.

Rule 4-1.5 (f)(4)(B)(iii) is added to acknowledge the provisions of Article 1, Section 26 of the Florida Constitution, and to create an affirmative obligation on the part of an attorney contemplating a contingency fee contract to notify a potential client with a medical liability claim of the limitations provided in that constitutional provision. This addition to the rule is adopted prior to any judicial interpretation of the meaning or scope of the constitutional provision and this rule is not intended to make any substantive interpretation of the meaning or scope of that provision. The rule also provides that a client who wishes to waive the rights of the constitutional provision, as those rights may relate to attorney's fees, must do so in the form contained in the rule.

Rule 4-1.5(f)(6) prohibits a lawyer from charging the contingent fee percentage on the total, future value of a recovery being paid on a structured or periodic basis. This prohibition does not apply if the lawyer's fee is being paid over the same length of time as the schedule of payments to the client.

~~Contingent fees are prohibited in criminal and certain domestic relations matters. In domestic relations cases, fees that include a bonus provision or additional fee to be determined at a later time and based on results obtained have been held to be impermissible contingency fees and therefore subject to restitution and disciplinary sanction as elsewhere stated in these Rules Regulating The Florida Bar.~~

Fees that provide for a bonus or additional fees and that otherwise are not prohibited under the Rules Regulating The Florida Bar can be effective tools for structuring fees. For example, a fee contract calling for a flat fee and the payment of a bonus based on the amount of property retained or recovered in a general civil action is not prohibited by these rules. However, the bonus or additional fee must be stated clearly in amount or formula for calculation of the fee (basis or rate). Courts have held that unilateral bonus fees are unenforceable. The test of reasonableness and other requirements of this rule apply to permissible bonus fees.

**Division of fee**

A division of fee is a single billing to a client covering the fee of 2 or more lawyers who are not in the same firm. A division of fee facilitates association of more than 1 lawyer in a matter in which neither alone could serve the client as

9

well, and most often is used when the fee is contingent and the division is between a referring lawyer and a trial specialist. Subject to the provisions of subdivision (f)(4)(D), subdivision (g) permits the lawyers to divide a fee on either the basis of the proportion of services they render or by agreement between the participating lawyers if all assume responsibility for the representation as a whole and the client is advised and does not object. It does require disclosure to the client of the share that each lawyer is to receive. Joint responsibility for the representation entails the obligations stated in rule 4-5.1 for purposes of the matter involved.

**Disputes over fees**

Since the fee arbitration rule (chapter 14) has been established by the bar to provide a procedure for resolution of fee disputes, the lawyer should conscientiously consider submitting to it. Where law prescribes a procedure for determining a lawyer's fee, for example, in representation of an executor or administrator, a class, or a person entitled to a reasonable fee as part of the measure of damages, the lawyer entitled to such a fee and a lawyer representing another party concerned with the fee should comply with the prescribed procedure.

**Referral fees and practices**

A secondary lawyer shall not be entitled to a fee greater than the limitation set forth in rule 4-1.5(f)(4)(D)(ii) merely because the lawyer agrees to do some or all of the following: (a) consults with the client; (b) answers interrogatories; (c) attends depositions; (d) reviews pleadings; (e) attends the trial; or (f) assumes joint legal responsibility to the client. However, the provisions do not contemplate that a secondary lawyer who does more than the above is necessarily entitled to a larger percentage of the fee than that allowed by the limitation.

The provisions of rule 4-1.5(f)(4)(D)(iii) only apply where the participating lawyers have for purposes of the specific case established a co-counsel relationship. The need for court approval of a referral fee arrangement under rule 4-1.5(f)(4)(D)(iii) should only occur in a small percentage of cases arising under rule 4-1.5(f)(4) and usually occurs prior to the commencement of litigation or at the onset of the representation. However, in those cases in which litigation has been commenced or the representation has already begun, approval of the fee division should be sought within a reasonable period of time after the need for court approval of the fee division arises.

In determining if a co-counsel relationship exists, the court should look to see if the lawyers have established a special partnership agreement for the purpose of

the specific case or matter.  If such an agreement does exist, it must provide for a sharing of services or responsibility and the fee division is based upon a division of the services to be rendered or the responsibility assumed.  It is contemplated that a co-counsel situation would exist where a division of responsibility is based upon, but not limited to, the following:  (a) based upon geographic considerations, the lawyers agree to divide the legal work, responsibility, and representation in a convenient fashion.  Such a situation would occur when different aspects of a case must be handled in different locations; (b) where the lawyers agree to divide the legal work and representation based upon their particular expertise in the substantive areas of law involved in the litigation; or (c) where the lawyers agree to divide the legal work and representation along established lines of division, such as liability and damages, causation and damages, or other similar factors.

The trial court's responsibility when reviewing an application for authorization of a fee division under rule 4-1.5(f)(4)(D)(iii) is to determine if a co-counsel relationship exists in that particular case.  If the court determines a co-counsel relationship exists and authorizes the fee division requested, the court does not have any responsibility to review or approve the specific amount of the fee division agreed upon by the lawyers and the client.

Rule 4-1.5(f)(4)(D)(iv) applies to the situation where appellate counsel is retained during the trial of the case to assist with the appeal of the case.  The percentages set forth in subdivision (f)(4)(D) are to be applicable after appellate counsel's fee is established.  However, the effect should not be to impose an unreasonable fee on the client.

**Credit Plans**

Credit plans include credit cards.  If a lawyer accepts payment from a credit plan for an advance of fees and costs, the amount must be held in trust in accordance with chapter 5, Rules Regulating The Florida Bar, and the lawyer must add the lawyer's own money to the trust account in an amount equal to the amount charged by the credit plan for doing business with the credit plan.