PER CURIAM.
The Florida Bar Judicial Administration Rules Committee has submitted proposed amendments to the Florida Rules of Judicial Administration in accordance with Florida Rule of Judicial Administration 2.130. We have jurisdiction. Art. V, § 2(a), Fla. Const. A new rule, Rule 2.130(b)(5), has been submitted which provides for a coordinating function of all rule proposals to be assigned to the Judicial Administration Rules Committee. The intent is to identify how proposed changes in one set of rules inter-relate with existing and proposed rules in other areas. This coordinating function provides a means for determining *1111 the potential impact of rules changes on rules in other areas of the law. The prior Rule 2.130(b)(5) has been renumbered as 2.130(b)(6) to accommodate this change.
Rule 2.140, which concerns judicial qualification proceedings, is the former Rule of Appellate Procedure 9.520. The Judicial Qualifications Committee requested that the rule be relocated since, in the committee’s view, it was more appropriate under the Rules of Judicial Administration. Section (b)(2) of the rule is amended as indicated.
This Court adopts the following rules and amendments, which will govern all proceedings within their scope after 12:01 a.m., January 1, 1985. These amendments shall supersede all conflicting rules and statutes. The amendments here adopted affect only the rules which are expressly treated. Deletions are indicated by the use of struck-through type. New language is indicated by underscoring.
Rule 2.130(b)(5) is created and former Rule 2.130(b)(5) is renumbered as Rule 2.130(b)(6) to read as follows:
(5) The Judicial Administration Rules Committee shall also serve as a Rules Coordinating Committee. Each rules committee shall have at least one of its members appointed to the Judicial Administration Rules Committee to serve as liaison. All proposed rules changes shall be submitted to the Judicial Administration Rules Committee which shall then refer all proposed rules changes to those rules committees that might be affected by the proposed change. All proposed changes shall be submitted by June 30 of each year of the rules cycle.
(5) (6) The committees shall consider and vote on each proposal. The committees may originate proposals and are charged with the duty of regular review and reevaluation of the rules to advance orderly and inexpensive procedures in the administration of justice. The committees may accept or reject proposed amendments or may amend proposals. The committees shall keep minutes of their activities, which minutes shall reflect the action taken on each proposal. Copies of the minutes shall be furnished to the clerk of the Supreme Court, to the Board of Governors of The Florida Bar, to the Supreme Court of Florida, and to the proponent of any proposal considered at the meeting.
Rule 2.140 is the former Rule of Appellate Procedure 9.520. Section (b)(2) is amended as indicated.
Rule 2.140. Judicial Discipline, Removal, Retirement and Suspension
(a) Filing. Any recommendation to the Supreme Court from the Judicial Qualifications Commission pursuant to Article V, Section 12 of the Florida Constitution shall be in writing. The original and seven copies shall be filed with the clerk of the Court, and a copy shall be served expeditiously on the justice or judge against whom action is sought.
(b) Procedure.
(1) Promptly upon the filing of a recommendation from the Commission, the Court shall determine whether the Commission’s recommendation complies with all requirements of the Constitution and the Commission’s Rules. Upon determining that the recommendation so complies, and unless the Court otherwise directs, an order shall issue directing the justice or judge to show cause in writing why the recommended action should not be taken.
. (2) The justice or judge may file a response in writing within the time .set by the Court in its order to show causes, and the Commission may serve a reply within 20 days from service of the response.
(3) If requested by the Commission, or by a justice or judge at the time of filing a response, the Court may allow oral argument on the Commission’s recommendation.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.