# Supreme Court of Florida

_____

No. SC17-155

_____

**IN RE: AMENDMENTS TO THE FLORIDA RULES OF JUDICIAL ADMINISTRATION — 2017 REGULAR-CYCLE REPORT.**

[September 7, 2017]

PER CURIAM.

We have for consideration The Florida Bar's Rules of Judicial Administration Committee's (RJA Committee) regular-cycle report of proposed rule amendments. See Fla. R. Jud. Admin. 2.140(b)(4). We have jurisdiction[1] and adopt many of the unopposed amendments as proposed. We modify several of the proposals and adopt, on our own motion, additional amendments to further clarify and delineate the current procedures for amending court rules. However, we decline to adopt the opposed amendments that would expand the RJA Committee's responsibilities as the "rules coordinating committee."

---

1. See art. V, § 2(a), Fla. Const.

## BACKGROUND

The RJA Committee proposes amendments to Florida Rules of Judicial Administration 2.140 (Amending Rules of Court); 2.510 (Foreign Attorneys); and 2.516 (Service of Pleadings and Documents). The RJA Committee published the proposals for comment before filing them with the Court. The RJA Committee received comments from the Appellate Court Rules Committee (ACR Committee), the Family Law Rules Committee (FLR Committee), and the Small Claims Rules Committee (SCR Committee) objecting to the amendments to rule 2.140(a)(6) that (1) would recognize the RJA Committee as the central rules coordinating committee and reviewer of rules proposals to determine if a proposal is of general or common application and to make recommendations to resolve conflicts, inconsistencies, and redundancy between a proposal and existing or other proposed rules, and (2) would allow the RJA Committee to issue a formal response to the proposals to be included in the rule submissions to the Board of Governors of The Florida Bar and to this Court. After considering the comments, the RJA Committee did not make any revisions to its proposals. The Board of Governors approved all the proposed rule amendments.

After the RJA Committee filed its report, the Court published the proposed amendments for comment. The ACR Committee, the Criminal Procedure Rules

Committee (CPR Committee), the SCR Committee, and The Florida Bar's Criminal Law Section filed comments opposing the proposed amendments to rule 2.140(a)(6). The FLR Committee, the Juvenile Court Rules Committee (JCR Committee), and the Probate Rules Committee (PR Committee) filed a joint comment also opposing those amendments. The comments filed with this Court raise the same objections to the proposed amendments as were raised in the comments submitted to the RJA Committee. The RJA Committee responded to the comments submitted to it in its report and filed a response to the comments filed with the Court.

## AMENDMENTS

After considering the RJA Committee's proposals, the comments submitted to the RJA Committee and filed with the Court, and the RJA Committee's responses to the comments, we decline to adopt the opposed amendments to rule 2.140(a)(6). However, we adopt the amendments to rules 2.510 (Foreign Attorneys), and 2.516 (Service of Pleadings and Documents), and many of the noncontroversial amendments to rule 2.140 (Amending Rules of Court).[2] We modify several of the proposed amendments to rule 2.140 and, on our own motion,

_____

2. Minor editorial and technical amendments also are made throughout rule 2.140. As explained later in this opinion, we have modified a proposed "editorial" amendment to rule 2.510.

make additional changes to rule 2.140 in order to more fully delineate the current procedures for amending court rules.

We commend the RJA Committee for its willingness, as our "rules coordinating committee," to take on more responsibilities to ensure the quality of the rules of court. We also greatly appreciate that committee's efforts to improve communication among the Bar's rules committees and to suggest procedures designed to improve the rule coordination process. However, after considering the proposed amendments to rule 2.140(a)(6) and the comments opposing those amendments and hearing oral argument, we decline to adopt amendments that would require the RJA Committee to have a more involved role in coordinating rule proposals. We agree with the commenters that expanding the RJA Committee's rule coordination responsibilities as proposed could result in undue delay in the rule-making process and unnecessarily overburden the RJA Committee.

Currently under rule 2.140(a)(6), each rules committee provides the RJA Committee with a copy of all proposed rules changes, and the RJA Committee refers proposed rules changes to any rules committees it determines may be affected by the change. Since this Court recognized the RJA Committee as the rules coordinating committee, that committee has been responsible for identifying rules proposals that might affect other existing or proposed rules and referring

those proposals to the appropriate rules committees.  See Fla. Bar re Rules of Judicial Admin., 458 So. 2d 1110, 1110-11 (Fla. 1984) (adopting rule 2.130(b)(5) effective January 1, 1985 (renumbered 2.140(a)(6)); Fla. R. Jud. Admin. 2.140(a)(6).  The Court has explained that this rule coordination function was created "to identify how proposed changes in one set of rules inter-relate with existing and proposed rules in other areas" and to provide "a means for determining the potential impact of rules changes on rules in other areas."  Fla. Bar re Rules of Judicial Admin., 458 So. 2d at 1110-11.  Currently, the affected committees, whose members have expertise in their respective practice areas, are responsible for reviewing the referred rule change and working with the proposing committee to determine what action, if any, should be taken to avoid conflicts and other potential issues with the proposal.  While this coordination scheme may not be perfect, it allocates rule coordination responsibilities to the committee best suited to each task.  The RJA Committee, with its diverse membership and liaison subcommittee, is best suited to review all proposed rules changes to identify changes that might impact other rules or pending proposals; and the several substantive rules committees are best equipped to work together to resolve identified issues with rules proposals.

According to the RJA Committee's report and response to the comments, that committee's liaison subcommittee currently reviews all rules proposals to

determine how they relate to other rules and whether a proposal should be referred to any potentially affected rules committees for consideration. The liaison subcommittee consists of members from each of the other rules committees who are appointed to serve as liaisons between their respective committees and the RJA Committee. As amended, subdivision (a)(4) of rule 2.140 will specifically require the liaison committee members appointed to the RJA Committee by the chairs of their respective rules committee to "facilitate and implement routine periodic reporting by and to the Rules of Judicial Administration Committee on the development and progress of rule proposals under consideration and their potential impact on other existing or proposed rules." This ongoing active communication between the RJA Committee and the other rules committees about the status of rules proposals will enhance the RJA Committee's rule coordination efforts. While we decline to adopt the proposed amendments that would expand the RJA Committee's rule coordination responsibilities, there is nothing to preclude the RJA Committee from including in its referral to an affected rules committee or providing in a comment submitted to a proposing committee, under rule 2.140(b)(2) or new rule 2.140(e)(2), any information, insights, or suggestions the RJA Committee believes might be helpful to those committees in considering a proposed rule change. In this way, the RJA Committee can take a more active role

in resolving potential issues with rule proposals that will not result in undue delay or otherwise detrimentally affect the rule-making process.

The proposed amendments to rule 2.140 we do adopt are intended to clarify, improve, and streamline the rule-making process. We adopt the amendments to subdivision (a)(2) of rule 2.140, as proposed, to clarify that proposals to amend court rules may be submitted to the Clerk of this Court for referral to the appropriate rules committee, as currently provided, or may be submitted directly to the appropriate rules committee chair or Bar staff liaison to the rules committee. We amend subdivision (a)(4) of rule 2.140, as proposed, to require that members of the RJA Committee have "previous rules committee experience or substantial experience in the administration of the Florida court system." The requirement that the chairs of each rules committee appoint one of the committee's members to "serve as a regular member of the Rules of Judicial Administration Committee" is moved from current subdivision (a)(6) to subdivision (a)(4). And, as noted above, proposed language is added that requires the committee liaisons to "facilitate and implement routine periodic reporting by and to the Rules of Judicial Administration Committee on the development and progress of rule proposals under consideration and their potential impact on other existing or proposed rules." We further amend subdivision (a)(4), as proposed, to clarify that committee liaison members serve at the pleasure of their respective committee chair and to clarify

that the president-elect of the Board of Governors appoints sitting members of each rules committee to serve as chairs and vice chairs.

We also amend subdivision (a)(5) of rule 2.140, as proposed, to ensure that each rules committee shares rule amendment information with other committees in a timely manner by adding a requirement that each committee "promptly and timely" furnish to the other rules committees "all meeting agendas and all minutes or other record of action taken." This change furthers the RJA Committee's goal of improving communication between the rules committees and allows other rules committees, including the RJA Committee, to identify and communicate about potential issues with rule changes even before the proposals are approved and formally submitted to the RJA Committee under subdivision (a)(6).

We adopt many of the proposed amendments to the other subdivisions of rule 2.140 either as proposed or with some modifications. On our own motion, we also make a number of additional changes to the rule that are consistent with current procedures for amending court rules. First, we modify the proposed new title to subdivision (b) (Schedule for Rules Proposals) to read "Schedule for Regular-Cycle Rules Proposals." We change, as proposed, the date a committee must report revisions to its regular-cycle proposals to the Board of Governors from October 15 to October 31. We make several additional changes to subdivision (b) that are consistent with current procedures for regular-cycle rules changes, such as

recognizing that some proposals are considered without oral argument and that regular-cycle rules cases that are scheduled for oral argument are generally scheduled for June. We make the proposed technical changes to subdivision (d) (Emergency Amendments by Court) of rule 2.140 and also make a number of additional changes to more fully delineate the current procedures for amendments adopted on the Court's own motion.

The RJA Committee proposes extensive amendments to subdivision (e) (Emergency Recommendations by Committee) of rule 2.140, including changing the subdivision's title and adding new subdivisions (e)(1) and (e)(2). We adopt some of the committee's changes as proposed, and modify some of the proposals, including the suggested subdivision titles. We retitle subdivision (e) "Out-of-Cycle Committee Proposals" and title new subdivisions (e)(1) and (e)(2) "Emergency Proposals and Proposals in Response to Legislative Changes" and "Non-Emergency Out-of-Cycle Proposals," respectively. On our own motion, we make additional changes to this subdivision in order to make this subdivision consistent with current procedures for out-of-cycle rule proposals and to clarify that the rules committees should use their "fast-track procedures" for rule amendments needed due to changes in legislation.

We make the proposed technical changes to subdivision (f) (Request by Court). On our own motion, we make a number of changes to streamline this

subdivision and make it consistent with the current procedures for committee recommendations submitted in response to a request by the Court. We delete much of the existing language in subdivision (f) and add new subdivisions (f)(1) (Recommended Rule Changes) and (f)(2) (No Action Recommendations). New subdivision (f)(1) recognizes that rule changes recommended in response to a request by the Court are currently submitted to the Court in either regular or out-of-cycle reports and the procedures for regular and out-of-cycle proposals generally are followed. New subdivision (f)(2) delineates the current procedure for committee recommendations that no rule change is warranted and requires such recommendations to be submitted to the Court in a "no action report" rather than in a report proposing rule changes under other subdivisions of rule 2.140. This new subdivision also codifies the Court's current practice of having the Clerk of this Court provide notification of the Court's action on the committee's recommendation. These procedures promote the Court's timely consideration of "no action" recommendations and ensure their efficient processing. We also make the proposed technical amendments to subdivision (g) (Amendments to the Rules of Judicial Administration) and make several additional technical changes to that subdivision that are consistent with technical changes being made to other subdivisions of rule 2.140.

We amend 2.510(a) (Foreign Attorneys; Eligibility), as proposed, to remove the pro hac vice appearance limitation for federally authorized state court appearances by providing that the rule "shall not affect the eligibility of a foreign attorney to appear in a Florida court when authorized by federal law." We have modified the proposed editorial change in item 10 of the "Verified Motion for Admission to Appear Pro Hac Vice" at the end of rule 2.510 that would replace the reference to disciplinary resignation with a reference to disciplinary revocation. As modified, the amendment to item 10 requires the movant to represent that he or she "is not a disbarred member of The Florida Bar nor has Movant received a disciplinary resignation or disciplinary revocation from The Florida Bar." This change recognizes that while a disciplinary revocation has replaced a disciplinary resignation, and since 2006, attorneys have not been able to agree to a disciplinary resignation, there are still former members of The Florida Bar who were granted disciplinary resignations. See In re Amends. to Rules Regulating Fla. Bar, 916 So. 2d 655, 656 (Fla. 2005) (deleting rule 3-7.12 (Disciplinary Resignation from the Florida Bar) from the Rules Regulating the Florida Bar effective January 1, 2006); In re Amends. to Rules Regulating Fla. Bar (Biannual Report), 101 So. 3d 807, 807-808 (Fla. 2012) (adding rule 3-7.12 (Disciplinary Revocation of Admission to the Florida Bar) to the Bar Rules).

- 11 -

Finally, we adopt the proposed clarifying and technical amendments to rule 2.516 (Service of Pleadings and Documents). Subdivision (b)(1)(E)(i) (Format of E-mail for Service) is amended to require the "case style" be included in the subject line in a service e-mail. The amendment to subdivision (b)(2) (Service by Other Means) provides that service in that situation must be made by "noting the non-service in the certificate of service, and stating in the certificate of service that a copy of the served document may be obtained, on request, from the clerk of the court or from the party serving the document." According to the report, this amendment is intended to avoid the failure of service in situations when a pro se litigant has not designated an e-mail address and no physical address is known.

**CONCLUSION**

Accordingly, we amend the Florida Rules of Judicial Administration as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective January 1, 2018, at 12:01 a.m. Because the amendments to rule 2.140 that are adopted on the Court's own motion have not been published for comment, interested persons shall have sixty days from the date of this opinion in which to comment on those amendments.[3]

---

3. All comments must be filed with the Court on or before November 6, 2017, with a certificate of service verifying that a copy has been served on the Chair of the RJA Committee, Judson Lee Cohen, 14125 N.W. 80th Avenue Suite

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Judicial Administration

Judson Lee Cohen, Chair, Rules of Judicial Administration Committee, Miami Lakes, Florida, Judge Steven Scott Stephens, Past Chair, Rules of Judicial Administration Committee, Tampa, Florida; and John F. Harkness, Jr., Executive Director, and Krys Godwin, Attorney Liaison, The Florida Bar, Tallahassee, Florida,

    for Petitioner

---

400, Miami Lakes, Florida 33016-2350, jcohen@weinsteincohen.com, and on the Bar Staff Liaison to the Committee, Krys Godwin, 651 E. Jefferson Street, Tallahassee, Florida 32399-2300, kgodwin@flabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until November 27, 2017, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal) in accordance with In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Comments filed via the Portal must be submitted in Microsoft Word 97 or higher. See In re Electronic Filing in the Florida Supreme Court, Fla. Admin. Order No. AOSC17-27 (May 9, 2017). Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

Robert Joseph Merlin, Chair, Family Law Rules Committee, Coral Gables, Florida, Judge Laurel Moore Lee, Past Chair, and Caroline Black Sikorske, Member, Family Law Rules Committee, Tampa, Florida; Jonathan Adam Galler, Chair, Florida Probate Rules Committee, Boca Raton, Florida, and Michael Travis Hayes and Jon Scuderi, Past Co-Chairs, Florida Probate Rules Committee, Naples, Florida; Kara Ann Fenlon, Chair, Juvenile Court Rules Committee, Tallahassee, Florida, and Ward L. Metzger, Past Chair, Juvenile Court Rules Committee, Jacksonville, Florida; Marty McDonnell, Chair, Criminal Law Section of the Florida Bar, Tallahassee, Florida, and Joel M. Silvershein, Past Chair, Criminal Law Section of The Florida Bar, Fort Lauderdale, Florida; Landis Vernon Curry III, Chair, and Kristin A. Norse, Past Chair, Appellate Court Rules Committee, Tampa, Florida, and Thomas D. Hall, Vice Chair, Appellate Court Rules Committee, Tallahassee, Florida; Michael Thiel Debski, Chair, Small Claims Rules Committee, Jacksonville, Florida, and Alison Verges Walters, Past Chair, Small Claims Rules Committee, Tampa, Florida; Jon Berkley Morgan, Chair, Criminal Procedure Rules Committee, Kissimmee, Florida, and H. Scott Fingerhut, Past Chair, Criminal Procedure Rules Committee, Coral Gables, Florida; and Mikalla Andies Davis and Heather Savage Telfer, Attorney Liaisons, The Florida Bar, Tallahassee, Florida,

Responding with Comments

## APPENDIX

**RULE 2.140.         AMENDING RULES OF COURT**

**(a)     Amendments Generally.** The following procedure shall be followed for consideration of rule amendments generally other than those adopted under subdivisions (d), (e), (f), and (g):

(1)     [No Change]

(2)     Proposals shall be submitted to the clerk of the supreme court, the committee chair(s) of a Florida Bar committee listed in subdivision (a)(3), or the Bar staff liaison of The Florida Bar in writing and shall include a general description of the proposed rule change or a specified proposed change in content. The clerk of the supreme court shall refer proposals to the appropriate committee under subdivision (a)(3).

(3)     [No Change]

(4)     Each committee shall be composed of attorneys and judges with extensive experience and training in the committee's area of practice of the committee calling for regular, frequent use of the rulesconcentration. Members of the Rules of Judicial Administration Committee shall also have previous rules committee experience or substantial experience in the administration of the Florida court system. The chair of each rules committee shall appoint one of its members to the Rules of Judicial Administration Committee to serve as a regular member of the Rules of Judicial Administration Committee to facilitate and implement routine periodic reporting by and to the Rules of Judicial Administration Committee on the development and progress of rule proposals under consideration and their potential impact on other existing or proposed rules. The members of theeach rules committee shall serve for 3-year staggered terms, except members appointed by a rules committee chair to the Rules of Judicial Administration Committee who shall serve at the pleasure of the respective rules committee chairs. The president-elect of The Florida Bar shall appoint sitting members of each rules committee to serve as the chair(s) and vice chair(s) of each committeefor each successive year.

(5)     The committees shall consider and vote on each proposal. The rules committees may originate proposals and are charged with the duty ofshall regularly review and reevaluation ofreevaluate the rules to advance orderly and inexpensive procedures infor the administration of justice. The committees shall

- 15 -

consider and vote on each proposal. The <u>rules </u>committees may accept or reject proposed amendments or may amend proposals. The <u>rules </u>committees shall <s>keep minutes of their activities, which minutes shall reflect the action taken on each proposal</s><u>prepare meeting agendas and minutes reflecting the status of rules proposals under consideration and actions taken</u>. Copies of the minutes shall be furnished to the clerk of the supreme court, to the board of governors of The Florida Bar, and to the proponent of any proposal considered at the meeting. <u>Each rules committee shall furnish promptly and timely to every other rules committee all meeting agendas and all minutes or other record of action taken.</u>

(6) The Rules of Judicial Administration Committee shall <s>also</s> serve as <s>a</s><u>the central</u> rules coordinating committee. <s>Each rules committee shall have at least 1 of its members appointed to the Rules of Judicial Administration Committee to serve as liaison.</s> All committees shall provide a copy of any proposed rules changes to the Rules of Judicial Administration Committee within 30 days of a committee's affirmative vote to recommend the proposed change to the supreme court. The Rules of Judicial Administration Committee shall then refer all proposed rules changes to those rules committees that might be affected by the proposed change.

(7) [No Change]

**(b)** **Schedule for <u>Regular-Cycle </u>Rules Proposals.**

(1) [No Change]

(2) No later than June 15 of the year prior to each reporting year or such other date as the board of governors of The Florida Bar may set, each reporting committee shall submit all proposed rule changes to the board of governors with the committee's final numerical voting record on each proposal. Contemporaneously with reporting proposed rule changes to the board of governors, each committee report shall be furnished to the Speaker of the Florida House of Representatives, the President of the Florida Senate, and the chairs of the House and Senate committees as designated by the Speaker and the President, and published on the <s>Internet </s>website of The Florida Bar<s>,</s> and in <s>the Florida Bar Journal or </s><u>The </u>Florida Bar <s>News</s><u>News</u>. Any person desiring to comment upon proposed rule changes shall submit written comments to the appropriate committee chair<u>(s)</u> no later than August 1 of the year prior to each reporting year. Each committee shall consider any comments submitted and thereafter report to the board of governors, no later than October <s>15</s><u>31</u> of the year prior to each reporting

year, any revisions to the proposed rule changes. Contemporaneously with reporting any revisions to the board of governors, each committee's revised proposed rule changes shall be furnished to the Speaker of the Florida House of Representatives, the President of the Florida Senate, and the chairs of the House and Senate committees as designated by the Speaker and the President, and published on the ~~Internet~~ website of The Florida Bar~~,~~ and in ~~the Florida Bar Journal or~~The Florida Bar ~~News~~*News*. Any person desiring to comment thereafter shall submit written comments to the supreme court in accordance with subdivision (b)(6).

(3)　[No Change]

(4)　No later than February 1 of each reporting year, each committee and the executive director of The Florida Bar shall file a report of its proposed rule changes with the supreme court. Each committee may amend its recommendations to coincide with the recommendations of the board of governors or may decline to do so or may amend its recommendations in another manner. Any such amendments shall also be reported to the supreme court. The report and proposed rule changes must conform to the Guidelines for Rules Submissions approved by administrative order and posted on the ~~Internet~~ websites of the supreme court and The Florida Bar. Consistent with the requirements that are fully set forth in the Guidelines, the report shall include:

(A)　a list of the proposed changes, together with a detailed explanation of each proposal that includes a narrative description of how each amendment changes the language of the rule and a thorough discussion of the reason for each change;

(B)　the final numerical voting record of the proposals in the committee;

(C)　the name and address of the proponent of each change, if other than a member of the rules committee;

(D)　a report of the action taken by the committee on comments submitted in accordance with subdivision (b)(2);

(E)　a report of the action and voting record of the board of governors;

(F)     any dissenting views of the committee and, if available, of the board; and

(G)     an appendix containing all comments submitted to the committee, all relevant background documents, the proposed amendments in legislative format, and a two-column chart setting forth the proposed changes in legislative format in the ~~first~~left column and a brief summary of the explanation of each change given in the report in the ~~second~~right column.

The report and the proposed rule changes shall be filed with the supreme court~~, in legislative format, both on paper and~~ in an electronic format approved by the supreme court.

(5)     If oral argument is deemed necessary, the supreme court shall establish a date ~~during~~in the month of ~~May or~~ June of each reporting year for oral argument on the proposals. Notice of the ~~hearing~~oral argument on the proposals and a copy of the proposals shall be furnished to the affected committee chair(s) and vice chair(s), the executive director and staff liaison of The Florida Bar, all members of the Judicial Management Council, the clerk and chief judge of each district court of appeal, the clerk and chief judge of each judicial circuit, the Speaker of the Florida House of Representatives, the President of the Florida Senate, the chairs of the House and Senate committees as designated by the Speaker and the President, and any person who has asked in writing filed with the clerk of the supreme court for a copy of the notice. The clerk may provide the notice electronically. ~~If the committee modifies its recommendations after considering comments submitted in accordance with subdivision (b)(2), t~~The recommendations or a resume of them shall be published on the ~~Internet~~ websites of the supreme court and The Florida Bar and in ~~the Florida Bar Journal or~~ The Florida Bar ~~News~~*News* before the ~~hearing~~oral argument or consideration of the proposals without oral argument. Notice of the ~~hearing~~oral argument, if scheduled, shall also be published on the ~~Internet~~ website~~s~~ of the supreme court ~~and The Florida Bar and in the Florida Bar Journal or Florida Bar News~~.

(6)     ~~Before the date of oral argument~~Within the time allowed for comments set by the supreme court, any person may file comments concerning the proposals. All comments and other submissions by interested persons shall be filed with the clerk of the supreme court and served on the chair(s) of the appropriate rules committee, the Bar staff liaison, and on the proponent of the rule change if other than a member of the rules committee. The chair(s) of the rules committee and the executive director of The Florida Bar shall file a response to all comments

- 18 -

within the time period set by the court. All comments and other submissions regarding the rule change proposals~~, in addition to being filed with the supreme court in paper format,~~ shall ~~also~~ be filed in an approved electronic format ~~approved by~~with the supreme court. ~~Prior to the date of oral argument and a~~As soon as practicable after the date of filing, the clerk of the supreme court shall publish on the ~~Internet~~ websites of the supreme court ~~and The Florida Bar~~ all comments and the responses of the chair(s) of the rules committee that have been filed concerning the rule change proposals. All requests or submissions by a rules committee made in connection with a pending rule change proposal shall be filed with the clerk of the supreme court and thereafter published by the clerk of the supreme court on the ~~Internet~~ websites of the supreme court and The Florida Bar.

(7) ~~Orders of the supreme court on said~~Opinions adopting the proposals should be ~~adopted~~issued in sufficient time for the rule changes to take effect on January 1 of the year following the reporting year. The supreme court may permit motions for rehearing to be filed on behalf of any person who filed a comment, The Florida Bar, any bar association, and the affected committee.

**(c)** **Rejected Proposals.** If a committee rejects a proposal, the proponent may submit the proposed rule to the board of governors and shall notify the chair(s) and vice chair(s) of the affected committee of the submission of the proposed rule to the board of governors. Minority reports of committees are allowed and may be submitted to both the board of governors and the supreme court.

**(d)** **Emergency Amendments by Court.** The supreme court, with or without notice, may change court rules at any time if an emergency exists that does not permit reference to the appropriate committee of The Florida Bar for recommendations. The rule changes must conform to the Guidelines for Rules Submissions approved by administrative order and posted on the websites of the supreme court and The Florida Bar. ~~If a change is made without reference to the committee, t~~The change may become effective immediately or at a future time. In either event, the court shall give notice of and fix a date for further consideration of the change. Any person may file comments concerning the change, seeking its abrogation or a delay in the effective date, in accordance with the procedures set forth in subdivision (b)(6)~~ of this rule~~. The court may allow oral argument in support of such comments by The Florida Bar, by its sections and committees, and by other bar associations. Notice of the ~~hearing~~oral argument, if scheduled, on the change and a copy of the change shall be furnished to the affected committee chair(s) and vice chair(s), the executive director and staff liaison of The Florida

- 19 -

Bar, all members of the Judicial Management Council, the clerk and chief judge of each district court of appeal, the clerk and chief judge of each judicial circuit, the Speaker of the Florida House of Representatives, the President of the Florida Senate, the chairs of the House and Senate committees as designated by the Speaker and the President, and any person who has asked in writing filed with the clerk of the supreme court for a copy of the notice. The clerk may provide the notice electronically. ~~The~~Notice of the change shall be published on the ~~Internet~~ websites of the supreme court and The Florida Bar, and in ~~the Florida Bar Journal or~~The Florida Bar ~~News~~*News* either before ~~the hearing~~or after the change is adopted. Notice of the ~~hearing~~oral argument, if scheduled, shall also be published on the ~~Internet~~ websites of the supreme court ~~and The Florida Bar, and in the Florida Bar Journal or Florida Bar News~~.

### (e)  Out-of-Cycle Committee Proposals.

(1)  **Emergency ~~Recommendations by Committee~~Proposals and Proposals in Response to Legislative Changes.** If, in the opinion of a committee, a proposal is of an emergency nature or a rule amendment is necessary due to changes in legislation, and the board of governors concurs, proposals may be made at any time to the supreme court. The report and proposed rule changes may be filed without prior publication for comment and must conform to the Guidelines for Rules Submissions approved by administrative order and posted on the ~~Internet~~ websites of the supreme court and The Florida Bar. The rules committees' fast-track procedures shall be used to address legislative changes to ensure that any resulting proposed rule amendments are filed with and can be adopted by the court before or soon after the effective date of the legislation. If the court agrees that an emergency exists or a rule change is necessary due to a legislative change, the court may publish the rule amendment for comment after adopting it or may set a time for oral argument ~~and~~or for consideration of the proposal without oral argument. Notice of the ~~hearing~~oral argument on the proposals, if scheduled before or after adoption, and a copy of the proposals shall be furnished to the affected committee chair(s) and vice chair(s), the executive director and the staff liaison of The Florida Bar, all members of the Judicial Management Council, the clerk and chief judge of each district court of appeal, the clerk and chief judge of each judicial circuit, the Speaker of the Florida House of Representatives, the President of the Florida Senate, the chairs of the House and Senate committees as designated by the Speaker and the President, and any person who has asked in writing filed with the clerk of the supreme court for a copy of the notice. The clerk may provide the notice electronically. Prior to or after their adoption, ~~T~~the recommendations or a resume of them shall be published on the ~~Internet~~ websites of the supreme court

and The Florida Bar, and in ~~the Florida Bar Journal or~~The Florida Bar ~~News~~*News* ~~before the hearing~~. Any person may file comments concerning the changes, in accordance with the procedures set forth in subdivision (b)(6). Notice of the ~~hearing~~oral argument, if scheduled, shall also be published on the ~~Internet~~ website~~s~~ of the supreme court ~~and The Florida Bar, and in the Florida Bar Journal or Florida Bar News~~.

      **(2)    Non-Emergency Out-of-Cycle Proposals.** If, in the opinion of a committee, a proposal is not of an emergency nature, but is sufficiently necessary to the administration of justice that it should not wait until the next regular-cycle submission, and the board of governors concurs, proposals may be made out-of-cycle at any time to the supreme court. The report and proposed rule changes must conform to the Guidelines for Rules Submissions approved by administrative order and posted on the websites of the supreme court and The Florida Bar. Such out-of-cycle submissions must be published in The Florida Bar *News* and posted on the website of The Florida Bar for comment, and such comment must be reviewed and addressed by the committee prior to the out-of-cycle rule submission to the board of governors to recommend acceptance, rejection, or amendment. If the supreme court agrees that a proposal should be addressed before the next regular-cycle report, the supreme court may set a time for oral argument or for consideration of the proposal without oral argument. Notice of the oral argument on the proposals, if scheduled, and a copy of the proposals shall be furnished to the affected committee chair(s) and vice chair(s), the executive director and the staff liaison of The Florida Bar, all members of the Judicial Management Council, the clerk and chief judge of each district court of appeal, the clerk and chief judge of each judicial circuit, the Speaker of the Florida House of Representatives, the President of the Florida Senate, the chairs of the House and Senate committees as designated by the Speaker and the President, the person who initially proposed the matter to the committee, and any person who has asked in writing filed with the clerk of the supreme court for a copy of the notice. The clerk may provide the notice electronically. The recommendations or a resume of them shall be published on the websites of the supreme court and The Florida Bar, and in The Florida Bar *News* for comment before the oral argument or consideration of the proposals without oral argument. Any person may file comments concerning the proposals, in accordance with the procedures set forth in subdivision (b)(6). Notice of the oral argument, if scheduled, shall also be published on the website of the supreme court.

    **(f)    Request by Court.** The supreme court may direct special consideration of a proposal at times other than those specified in this rule and may

require a committee to report its recommendation with the recommendations of the board of governors. All requests or submissions by a rules committee made in connection with a request under this subdivision shall be filed with or submitted to the clerk of the supreme court as provided in this subdivision. ~~The report and proposed rule changes must conform to the Guidelines for Rules Submissions approved by administrative order and posted on the Internet websites of the supreme court and The Florida Bar. The supreme court may set oral argument on the report at any time. Notice of the hearing on the proposals and a copy of the proposals shall be furnished to the affected committee chair and vice chair, the executive director of The Florida Bar, all members of the Judicial Management Council, the clerk and chief judge of each district court of appeal, the clerk and chief judge of each judicial circuit, the Speaker of the Florida House of Representatives, the President of the Florida Senate, the chairs of the House and Senate committees as designated by the Speaker and the President, and any person who has asked in writing filed with the clerk of the supreme court for a copy of the notice. The clerk may provide the notice electronically. The recommendations or a resume of them shall be published on the Internet websites of the supreme court and The Florida Bar, and in the Florida Bar Journal or Florida Bar News before the hearing. Notice of the hearing shall also be published on the Internet websites of the supreme court and The Florida Bar, and in the Florida Bar Journal or Florida Bar News.~~

**(1)    Recommended Rule Changes.** A rule change recommended in response to a request under this subdivision shall be included in the rules committee's next regular-cycle report filed under subdivision (b), unless the court directs or the committee determines and the board of governors agrees that the rule change should be submitted out of cycle. If the committee submits a recommended change out of cycle, the procedures for out-of-cycle rule proposals under subdivision (e) shall apply, except the report shall state that it is filed in response to a request by the court under this subdivision.

**(2)    No Action Recommendations.** If the court refers a matter to a rules committee for consideration only and does not direct the committee to propose a rule change, and after considering the matter referred the committee determines that no rule change is warranted, the committee shall submit a "no action report" to the court explaining its recommendation that no rule change is needed. A no action recommendation should not be included in a report proposing rule changes filed under any other subdivision of this rule. After the court considers the recommendation, the clerk shall notify the rules committee chair(s)

and the executive director and the staff liaison of The Florida Bar whether any further action is required of the committee.

**(g)    Amendments to the Rules of Judicial Administration.**

**(1)    Amendments Without Referral to Rules Committee.** Changes to the Rules of Judicial Administration contained in Part II, State Court Administration, of these rules, and rules 2.310, and 2.320, contained in Part III, Judicial Officers, generally will be considered and adopted by the supreme court without reference to or proposal from the Rules of Judicial Administration Committee. The supreme court may amend rules under this subdivision at any time, with or without notice. If a change is made without notice, the court shall fix a date for future consideration of the change and the change shall be published on the ~~Internet~~ websites of the supreme court and The Florida Bar, and in ~~the Florida Bar Journal or~~The Florida Bar ~~News~~*News*. Any person may file comments concerning the change, in accordance with the procedures set forth in subdivision (b)(6)~~ of this rule~~. The court may hear oral argument on the change. Notice of the ~~hearing~~oral argument on the change, if scheduled, and a copy of the change shall be provided in accordance with subdivision (d)~~ of this rule~~.

**(2)    Other Amendments.** Amendments to all other Rules of Judicial Administration shall be referred to or proposed by the Rules of Judicial Administration Committee and adopted by the supreme court as provided in subdivisions (a), (b), (c), (d), (e), and (f)~~ of this rule~~.

**(h)    [No Change]**

**Committee Notes**

**[No Change]**

**RULE 2.510.    FOREIGN ATTORNEYS**

**(a)    Eligibility.** Upon filing a verified motion with the court, an attorney who is an active member in good standing of the bar of another state and currently eligible to practice law in a state other than Florida may be permitted to appear in particular cases in a Florida court upon such conditions as the court may deem appropriate, provided that a member of The Florida Bar in good standing is associated as an attorney of record. The foreign attorney must make application in

- 23 -

each court in which a case is filed even if a lower tribunal granted a motion to appear in the same case. In determining whether to permit a foreign attorney to appear pursuant to this rule, the court may consider, among other things, information provided under subdivision (b)(3) concerning discipline in other jurisdictions. No attorney is authorized to appear pursuant to this rule if the attorney (1) is a Florida resident, unless the attorney has an application pending for admission to The Florida Bar and has not previously been denied admission to The Florida Bar; (2) is a member of The Florida Bar but is ineligible to practice law; (3) has previously been disciplined or held in contempt by reason of misconduct committed while engaged in representation permitted pursuant to this rule provided, however, the contempt is final and has not been reversed or abated; (4) has failed to provide notice to The Florida Bar or pay the filing fee as required in subdivision (b)(7); or (5) is engaged in a "general practice" before Florida courts. For purposes of this rule, more than 3 appearances within a 365-day period in separate cases shall be presumed to be a "general practice." Appearances at different levels of the court system in the same case shall be deemed 1 appearance for the purposes of determining whether a foreign attorney has made more than 3 appearances within a 365-day period. In cases involving indigent or pro bono clients, the court may waive the filing fee for good cause shown. This rule shall not affect the eligibility of a foreign attorney to appear in a Florida court when authorized by federal law.

**(b)** **[No Change]**

IN THE _____ COURT OF THE _____ JUDICIAL CIRCUIT, IN AND FOR _____, COUNTY, FLORIDA

_____
                    Plaintiff

Case No. ..........

vs.

Division ..........

_____
                    Defendant

**VERIFIED MOTION FOR ADMISSION TO APPEAR PRO HAC VICE PURSUANT TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.510**

- 24 -

Comes now _____,
Movant herein, and respectfully represents the following:

     1.    [ ] Movant resides in _____, _____
                                         (City)               (State)

Movant is not a resident of the State of Florida.

    [ ] Movant is a resident of the State of Florida and has an application pending for admission to The Florida Bar and has not previously been denied admission to The Florida Bar.

     2.    Movant is an attorney and a member of the law firm of (or practices law under the name of) _____, with offices at

_____, _____, _____,
(Street Address)          (City)         (County)

_____, _____, _____
    (State)         (Zip Code)      (Telephone)

     3.    Movant has been retained personally or as a member of the above named law firm on _____ by
                    (Date Representation Commenced)
_____ to provide legal representation in connection with
(Name of Party or Parties)

the above-styled matter now pending before the above-named court of the State of Florida.

     4.    Movant is an active member in good standing and currently eligible to practice law in the following jurisdiction(s): Include attorney or bar number(s). (Attach an additional sheet if necessary.)

          JURISDICTION                ATTORNEY/BAR NUMBER

_____

_____

_____

_____

5.    There have been no disciplinary, suspension, disbarment, or contempt proceedings initiated against Movant in the preceding 5 years, except as provided below (give jurisdiction of proceeding, date upon which proceeding was initiated, nature of alleged violation, statement of whether the proceeding has concluded or is still pending, and sanction, if any, imposed): (Attach an additional sheet if necessary.)

_____

_____

_____

_____

_____

6.    Movant, either by resignation, withdrawal, or otherwise, never has terminated or attempted to terminate Movant's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings.

7.    Movant is not an inactive member of The Florida Bar.

8.    Movant is not now a member of The Florida Bar.

9.    Movant is not a suspended member of The Florida Bar.

10.    Movant is not a disbarred member of The Florida Bar nor has Movant received a disciplinary resignation or disciplinary revocation from The Florida Bar.

11.    Movant has not previously been disciplined or held in contempt by reason of misconduct committed while engaged in representation pursuant to Florida Rule of Judicial Administration 2.510, except as provided below (give date of disciplinary action or contempt, reasons therefor, and court imposing contempt): (Attach an additional sheet if necessary.)

_____

_____

_____

_____

_____

12.    Movant has filed motion(s) to appear as counsel in Florida state courts during the past five (5) years in the following matters: (Attach an additional sheet if necessary.)

Date of Motion  Case Name  Case Number  Court  Date  Motion  Granted/Denied

_____
_____
_____
_____
_____

13.    Local counsel of record associated with Movant in this matter is _____
_____ who is an active member in good standing of The
(Name and Florida Bar Number)

Florida Bar and has offices at _____, _____, _____,
                               (Street Address)    (City)    (County)

_____, _____,_____.
  (State)       (Zip Code)    (Telephone with area code)

(If local counsel is not an active member of The Florida Bar in good standing,
please provide information as to local counsel's membership status.
_____)

14.    Movant has read the applicable provisions of Florida Rule of Judicial
Administration 2.510 and Rule 1–3.10 of the Rules Regulating The Florida Bar
and certifies that this verified motion complies with those rules.

15.    Movant agrees to comply with the provisions of the Florida Rules of
Professional Conduct and consents to the jurisdiction of the courts and the Bar of
the State of Florida.

WHEREFORE, Movant respectfully requests permission to appear in this
court for this cause only.

DATED this _____ day of _____, 20____.


_____
Movant

_____
Address

_____
Address

_____

- 27 -

City, State, Zip Code

_____

Telephone Number

_____

E-mail Address

STATE OF _____

COUNTY OF _____

    I, _____, do hereby swear or affirm under penalty of perjury that I am the Movant in the above-styled matter; that I have read the foregoing Motion and know the contents thereof, and the contents are true of my own knowledge and belief.

_____

Movant

    I hereby consent to be associated as local counsel of record in this cause pursuant to Florida Rule of Judicial Administration 2.510.

    DATED this _____ day of _____, 20_____.

_____

Local Counsel of Record

_____

Address

_____

Address

_____

City, State, Zip Code

_____

Telephone Number

_____

Florida Bar Number

_____

E-mail Address

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was served by mail to PHV Admissions, The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2333 accompanied by payment of the $250.00 filing fee made payable to The Florida Bar, or notice that the movant has requested a judicial waiver of said fee; and by (e-mail) (delivery) (mail) (fax) to (name of attorney or party if not represented)

_____

_____

_____

      this _____ day of _____, 20____.

_____
Movant


## RULE 2.516.      SERVICE OF PLEADINGS AND DOCUMENTS

**(a)**    **[No Change]**

**(b)**    **Service; How Made.** When service is required or permitted to be made upon a party represented by an attorney, service must be made upon the attorney unless service upon the party is ordered by the court.

      **(1)**    **Service by Electronic Mail ("e-mail").** All documents required or permitted to be served on another party must be served by e-mail, unless the parties otherwise stipulate or this rule otherwise provides. A filer of an electronic document has complied with this subdivision if the Florida Courts e-filing Portal ("Portal") or other authorized electronic filing system with a supreme court approved electronic service system ("e-Service system") served the document by e-mail or provided a link by e-mail to the document on a website maintained by a clerk ("e-Service"). The filer of an electronic document must verify that the Portal or other e-Service system uses the names and e-mail addresses provided by the parties pursuant to subdivision (b)(1)(A).

            **(A)**    **[No Change]**

**(B) Exception to E-mail Service on Attorneys.** Upon motion by an attorney demonstrating that the attorney has no e-mail account and lacks access to the Internet at the attorney's office, the court may excuse the attorney from the requirements of e-mail service. Service on and by an attorney excused by the court from e-mail service must be by the means provided in subdivision (b)(2) ~~of this rule~~.

**(C) Service on and by Parties Not Represented by an Attorney.** Any party not represented by an attorney may serve a designation of a primary e-mail address and also may designate no more than two secondary e-mail addresses to which service must be directed in that proceeding by the means provided in subdivision (b)(1) of this rule. If a party not represented by an attorney does not designate an e-mail address for service in a proceeding, service on and by that party must be by the means provided in subdivision (b)(2) ~~of this rule~~.

**(D) [No Change]**

**(E) Format of E-mail for Service.** Service of a document by e-mail is made by an e-mail sent to all addresses designated by the attorney or party with either (a) a copy of the document in PDF format attached or (b) a link to the document on a website maintained by a clerk.

(i) All documents served by e-mail must be sent by an e-mail message containing a subject line beginning with the words "SERVICE OF COURT DOCUMENT" in all capital letters, followed by the case number <u>and case style</u> of the proceeding in which the documents are being served.

(ii) – (iv) [No Change]

**(2) Service by Other Means.** In addition to, and not in lieu of, service by e-mail, service may also be made upon attorneys by any of the means specified in this subdivision. If a document is served by more than one method of service, the computation of time for any response to the served document shall be based on the method of service that provides the shortest response time. Service on and by all parties who are not represented by an attorney and who do not designate an e-mail address, and on and by all attorneys excused from e-mail service, must be made by delivering a copy of the document or by mailing it to the party or attorney at their last known address or, if no address is known, by ~~leaving it with~~ <u>noting the non-service in the certificate of service, and stating in the certificate of service that a copy of the served document may be obtained, on request, from the</u>

clerk of the court <u>or from the party serving the document</u>. Service by mail is complete upon mailing. Delivery of a copy within this rule is complete upon:

(A) – (F)    [No Change]

**(c) – (h)    [No Change]**